### Fort Worth & Denver City Railway Co. v. Stephen Kennedy.

#### No. 2254.

**1.  Continuance—Third Application—Want of Diligence.**

A third application for continuance is properly refused, where it is made on
account of the absence of a witness who was also absent at the preceding term
of court, and no diligence appears to have been used to secure his evidence by
deposition.

**2.  Carriers of Passengers—Utmost Degree of Care—Alighting from
Train.**

It is the duty of a common carrier of passengers to exercise the utmost care
"which can be exercised under all the circumstances short of a warranty of the
safety of the passengers;" and this degree of care extends to providing proper and
suitable appliances to enable the passengers to safely alight from the train at
the end of the journey.

**3.  Same—Damages—Loss of Time.**

In an action against a railway company for personal injuries to the wife, the
husband may recover damages for the time lost by her on account of the injuries,
and also for the time lost by himself in waiting upon her.

Appeal from Wilbarger.  Tried below before Hon. G. A. Brown.

*Stanley & Spoonts,* for appellant.—1. The injury complained of
having occurred in passing from the platform of the car to the platform
of the station, after the journey had ended, and while the cars were not
in motion, the strictness of the rule requiring a high degree of care on the
part of appellant as a carrier of persons is relaxed, and appellant in fur-
nishing means of exit from its cars and platform, and in assisting pas-
sengers therefrom, was and is required to use only reasonable and or-
dinary care, of no higher degree than is required of the owners of prem-
ises, who invite the public to enter thereon for the purpose of transacting
business, and the charge given imposes too high and harsh an obligation

upon appellant.    Thompson on Carriers, 209, sec. 8; Crocheron v. North Shore Ferry Co., 56 N. Y., 656; Railway v. Welch, 24 S. W. Rep., 390; Fordyce v. Withers, 20 S. W. Rep., 766; Sargent v. Railway, 21 S. W. Rep., 823; Le Barron v. East Boston Ferry Co., 11 Allen, 312; Ford v. Railway, 2 Fost & Fin., 730-732, cited in full, note 6, p. 208, Thompson on Carriers.

2.    The appellant asked and the court erroneously refused special charge No. 1, as follows: "If you believe from the evidence that the stepping stool used by the defendant for the purpose of enabling passengers to alight on at the time plaintiff's wife was injured, was a reasonably safe appliance for the purpose, and if it was properly placed upon the ground sufficiently smooth, or even, or upon the platform so as to prevent it from turning or tilting, by the use of due care upon the part of plaintiff's wife, and that the defendants were not otherwise guilty of negligence in using it, or in the construction of defendant's said platform and its said appliances, you will find for the defendant." Shoemaker v. Kingsbury, 12 Wall., 369; Railway v. Statham, 42 Miss., 607.

*Stephens & Huff,* ·for appellee.—1.    An application for a continuance failing to show whether is is for the first or a subsequent continuance, on appeal, will be treated as either, to support a refusal.    Railway v. Hall, 83 Texas, 675; Hipp v. Huchett, 4 Texas, 20; Railway v. Hardin, 62 Texas, 369.

2.    A common carrier is required to use the utmost care and circumspection which can be provided for under all the circumstances.    The charge, as given, is more favorable to the appellant than it was entitled.    It tells the jury that the "utmost care" is such as would probably be exercised by a prudent and skilled person engaged in such business and under similar circumstances.    Chelson v. Reeves, 29 Texas, 275; McMahan v. Busby, 29 Texas, 191.·

3.    Appellant owed the wife of appellee "the duty of exercising the highest degree of care in enabling her to make her descent in safety." Whether or not the means provided to enable her to do this was the exercise of due care was a question of fact for the jury.    Railway v. Finley, 79 Texas, 88; Railway v. Wortham, 73 Texas, 25; Railway v. Rushing, 69 Texas, 315.

TARLTON, CHIEF JUSTICE.—This appeal is from a verdict and judgment in the sum of $1500, recovered by the appellee against the appellant as damages for personal injuries sustained by his wife.    The verdict supported by evidence establishes the following conclusions of fact:

On November 11, 1892, Mrs. Stephen Kennedy, about 60 years old, the wife of the appellee, had reached Harrold, her point of destination, as a passenger on the train of appellant.    In alighting from the car, she fell and sustained injuries of such a character as to justify the assessment of damages awarded by the jury.

Her fall was due to the negligence of the defendant in failing to provide proper and suitable appliances to enable her as a passenger to safely

alight from the company's train.  She was not guilty of contributory negligence.

*Conclusions of Law.*—1.  The court did not err in overruling the defendant's motion for a continuance or a postponement of the case.  The application does not disclose how many continuances had been previously applied for.  It does show that a continuance had been granted at the previous term of the court, on account of the absence of the witness Cobb, which absence was the basis for this application.  The appellee asserts in his brief that it is a third application, and this statement is not controverted.  It is fairly to be inferred from the terms of the application, that the defendant, immediately after the preceding term of the court, ascertained that the witness Cobb was at Washington City, where he would remain for an indefinite period, and that while there it might have obtained his deposition.  During this time no steps whatever are alleged to have been taken to secure his evidence.  We fail to discern any abuse of discretion on the part of the court in refusing the application.

2.  We interpret the charge of the court complained of in the second assignment of error as in effect instructing the jury that it is the duty of railroad companies engaged in the transportation of passengers, to exercise the utmost care "which can be exercised under all the circumstances, short of a warranty of the safety of passengers."  The charge seems to us to come within the ruling of Railway v. Welch, 86 Texas, 203.

The proposition urged by appellant under this assignment, that the company should be held only to the exercise of ordinary care, on the ground that the point of destination had been reached and that the cars were not in motion, is condemned under the authority of Railway v. Finley, 79 Texas, 80.  At the time that Mrs. Kennedy sustained the injuries in question, she stood in the relation of a passenger to the appellant, and to use the language of Justice Gaines in the case just cited, "Since the contract was in force until the plaintiff had alighted, the company owed her the duty of exercising the highest degree of care in enabling her to make the descent in safety."  Railway v. Russell, 8 Texas Civ. App., 578.

3.  The evidence, which we deem it unnecessary to detail, was such as to justify the court in submitting to the consideration of the jury the value of the time lost by plaintiff in waiting on his wife, and the value of the time lost by her from her work and labor.  These elements of damage were different, and the method of submission did not contemplate a double assessment of the same damages.  Compensation would be due for the time of the husband consumed in attending upon the wife, and for the time of the latter lost on account of her sickness.

4.  As indicated by our conclusions of fact, and by the views already expressed as to the law applicable to the charge of the court, we overrule the twelfth assignment of error, complaining that the verdict is contrary to the law and is not sustained by the evidence.

5.  The remaining assignments are predicated upon the action of the

court in refusing special instructions. These instructions have been, upon motion, heretofore stricken by us from the record. Hence they are not considered.

Judgment affirmed.

*Affirmed.*

Delivered March 7, 1896.