Missouri, Kansas and Texas Railway Company of Texas v.
R. H. Wolf.

Decided October 28, 1905.

**1.—Alighting Passenger—Degree of Care by Carrier.**

A passenger while in the act of alighting from a railroad coach is committed to the care of the carrier and is not free to select his means and avenues of exist, hence the utmost care is required of the carrier.

**2.—Charge of Court—Assumption of Fact.**

The grounds of negligence alleged were a failure to provide appellee's wife with a step-box, and a failure on the part of the conductor to properly assist her in alighting from the train. On these issues the evidence was sharply conflicting. These questions are nowhere in the charge submitted to the jury, but the charge on the whole implies that the company was negligent in these respects. Held, error.

**3.—Negligence of Fellow Passenger Concurring with Negligence of Carrier.**

A carrier is liable if its negligence concurred with the act of a fellow passenger irrespective of whether or not that act be negligent and whether or not the same was pleaded.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

*Eldridge & Midkiff,* for appellant.—The degree of care mentioned in the first paragraph of the court's charge, leaving out the word "very," is required only in cases where the passenger must of necessity trust her safety wholly to the carrier, and not in cases where she is alighting from the steps of a train while it is not in motion. Said charge requires a higher degree of care on the part of defendant towards plaintiff's wife, under the circumstances of this case, than the law requires, and the court erred in charging the jury that a failure on the part of defendant to use such care was negligence. Said charge was calculated to mislead the jury in considering their verdict. Texas & P. Ry. Co. v. Miller, 15 S. W. Rep., 265; Fort Worth & N. O. Ry. Co. v. Enos, 50 S. W. Rep., 597 (this case refers to and approves the Mil-

ler case upon this question); Penn. Co. v. Marion (Ind.), 3 N. E. Rep., 874; Thompson on Carriers, 209; Kelly v. Manhattan Ry. Co., 3 L. R. A., 74; Taylor v. Penn. Co., 50 Fed. Rep., 755.

There being no statutory duty imposed on defendant company requiring it to furnish a step-box, or requiring defendant's conductor to assist passengers in alighting from its trains, it was error for the court to assume that such duty existed, and to submit to the jury whether defendant was negligent in the performance of such duty. Edward v. Chisholm, 6 S. W. Rep., 559; Gulf, C. & S. F. Ry. Co. v. Grubbs, 26 S. W. Rep., 326; Texas P. Ry. Co. v. Berry, 72 S. W. Rep., 423.

It was error for the court to submit to the jury the issue whether defendant's conductor properly assisted plaintiff's wife in alighting from said car, without defining to the jury what constituted "properly assisted," but leaves it to the jury to fix its own standard of what constitutes proper assistance. Fort Worth & N. O. Ry. v. Enos, 50 S. W. Rep., 595; Missouri, K. & T. Ry. v. Mitchell, 79 S. W. Rep., 94.

The court erred in refusing to give to the jury special charge number 3, requested by the defendant, which is as follows: "If you find from the evidence that plaintiff's wife was caused to fall and be injured by a fellow passenger stepping on her dress, or by stepping on her dress herself, you will find for defendant." St. Louis S. W. Ry. v. Cassady, 92 Texas, 525; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 58.

Where the uncontradicted evidence shows that plaintiff's wife was guilty of negligence in jumping from the steps of the car, and that she was also caused to fall by reason of a fellow passenger stepping on her dress when she attempted to jump from the steps of said car, the verdict of the jury should have been for the defendant, and the court erred in refusing to grant a new trial upon said ground. Washington v. Missouri, K. & T. Ry. Co., 36 S. W. Rep., 779; Wilson v. Fort Worth & D. C. Ry. Co., 26 S. W. Rep., 753; Texas Midland Ry. Co. v. Frey, 61 S. W. Rep., 442.

*Potter & Potter,* for appellee.—The care required of a carrier in the transportation of its passengers is the care that a very competent, careful and prudent person similarly situated would exercise.

Second proposition. A passenger on a railway is such from the time he enters the train until he has left the train.

Third proposition. The passenger leaving a car is compelled to use the facilities furnished by the carrier. He may be negligent or careful in the use of those facilities and thus effect the liability of the carrier for his injury, but the carrier is required to use a high degree of care for his safety in the alighting from the car. International & G. N. Ry. v. Halloren, 53 Texas, 51; Missouri Pac. Ry. v. Wortham, 73 Texas, 25; Gulf, C. & S. F. Ry. v. Butcher, 83 Texas, 316; Houston & T. C. Ry. v. Gorbett, 49 Texas, 573; Galveston, H. & S. A. Ry. v. Thornsberry, 17 S. W. Rep., 523; Gulf, C. & S. F. Ry. v. Smith, 87 Texas, 353; International & G. N. v. Welch, 86 Texas, 204; Texas & Pac. Ry. v. Orr, 31 S. W. Rep., 696; Texas & Pac. Ry. v. Buckalew, 34 S. W. Rep., 165; Missouri, K. & T. Ry. v. Scarborough, 51 S. W. Rep., 356.

SPEER, Associate Justice.—Mrs. R. H. Wolf, wife of the appellee,

sustained injuries in an attempt to alight from one of appellant's passenger coaches, in the city of Gainesville, for which her husband instituted this suit and recovered judgment in the sum of $800. The negligence alleged consisted in a failure to furnish a step-box for the use of passengers in alighting, and in the failure of appellant's conductor to properly assist her in her effort to disembark.

Since most of the assignments of error relate to the charge of the court, it is here set out in full:

"1st. It is the duty of a railway company carrying passengers to exercise a high degree of care to enable its passengers to alight from its cars in safety—the degree of care required is such as very prudent, careful and competent persons would exercise under similar circumstances, and a failure to exercise such care constitutes negligence.

"2d. If you believe from the evidence that the defendant was guilty of negligence by failing to have a step-box for its passengers to step upon in alighting from the train; after descending the steps to the train at the time plaintiff claims his wife was hurt, or if the defendant's conductor was guilty of negligence by failing to properly assist plaintiff's wife to alight from said car, and if you further find that the failure to have said step-box or to properly assist plaintiff's wife caused plaintiff's wife while attempting to alight from said car to fall and be injured and if she did not contribute to her injury by her own failure to exercise ordinary care, then you will find for plaintiff and assess his damage at such sum as you may believe from the evidence to be a fair and reasonable pecuniary compensation for the injury occasioned to his wife thereby, if any.

"3d. It was the duty of plaintiff's wife in alighting from said train to exercise ordinary care to avoid injury to herself, that is, it was her duty to exercise that degree of care that a person of ordinary prudence and caution similarly situated and circumstanced as she was, would have exercised under like circumstances, and a failure to exercise such care would constitute negligence on her part.

"4th. Unless you believe from the evidence that the defendant was guilty of negligence by failing to have a step-box for its passengers to alight upon, or by failing to properly assist plaintiff's wife to alight from said cars and that such failure caused her to fall and be injured you will find for defendant.

"5th. You are instructed that the law does not say whether a failure of the defendant to have a step-box for its passengers to step upon in alighting from said train was negligence or not, neither does the law say whether the failure of the defendant's conductor to assist or properly assist the plaintiff's wife to alight from said train was negligence or not, but whether or not these things, or either of them would constitute negligence is a question of fact for you to determine under the evidence.

"6th. If you find that plaintiff's wife was guilty of negligence by jumping from the step of said car to the platform, that is, if you find that a person of ordinary care and caution situated and circumstanced as she was, would not have done so under the surrounding circumstances, and if by so doing she contributed to her injury, if she was injured, then the plaintiff can not recover and you will find for the defendant

even though you may find that the defendant was guilty of all the negligence charged against it.

"7th.   If you find that while plaintiff's wife was alighting from the car she stepped upon her dress and was thereby caused to fall and be injured or if some person behind her stepped upon her dress and thereby caused her to fall and be injured you will find for defendant.

"But you are instructed that the plaintiff would be entitled to recover if the injury to his wife, if she was injured, was caused by the negligence of defendant without negligence on her part contributing to it, and if you so find it will make no difference if the negligence of defendant was contributed to by the act of some fellow passenger.

"8th.   The burden is on the plaintiff to show a right to recover by a preponderance of the testimony and unless he has done so you will find for defendant.

"9th.   You are the exclusive judges of the weight of the evidence and of the credibility of the witnesses."

By appropriate propositions under the first assignment, it is insisted that the high degree of care required of appellant in the first paragraph of the court's charge, is applicable only to those cases where the passenger has entrusted himself wholly to the custody · of the carrier, as his bailee in short, and not to a case like this, where the passenger is in the act of alighting from the carrier's train.   Yet, if we accept the principle of the law contended for, which appears to have some support in the authorities, we think it has no application to the present case, since undeniably a passenger, while in the act of alighting from a railway coach, is quite fully committed to the care of the carrier and is not at all free to select his means and avenues of exit.   Texas & Pac. Ry. Co. v. Miller, 79 Texas, 78, 15 S. W. Rep., 264; Gulf, Colorado & Santa Fe Ry. Co. v. Butcher, 83 Texas, 309; Houston & Texas Central R. R. Co. v. Dotson, 15 Texas Civ. App., 80, 38 S. W. Rep., 644; Texas Midland R. R. Co. v. Brown, 58 S. W. Rep., 44; Missouri, K. & T. Ry. Co. of Texas v. Scarborough, 51 S. W. Rep., 356; Missouri, K. & T. Ry. Co. of Texas v. Mitchell, 79 S. W. Rep., 94.

The second, third, and fourth assignments of error complain of the second, fourth and fifth paragraphs of the court's charge respectively, because in them the court assumes to be true that appellant did fail to provide appellee's wife with a step-box, and that its conductor did fail to properly assist her, in alighting from its train.   We think these assignments are well taken and should be sustained.   The question of negligence or not is expressly submitted to the jury in paragraph five of the charge, but the questions of whether or not appellant failed to provide a step-box or failed to properly assist appellee's wife, are no where submitted to the jury.   We think the charge as a whole clearly implies that the company failed in these respects, and the jury might well have considered that the only question for them to pass upon was whether or not such failure constituted negligence under the court's definition of that term.   Upon each of these issues the evidence sharply conflicted, and the error therefore is reversible.   Campbell v. Ellsworth, 20 S. W. Rep., 120; Gulf, Colorado & Santa Fe Ry. Co. v. Nelson,

24 S. W. Rep., 588; Texas & Pac. Ry. Co. v. Berry, 72 S. W. Rep., 423.

In view of the court's definition of the degree of care due by appellant to appellee's wife, contained in the first paragraph of the charge, the jury could hardly have been misled by the failure to define the expression "properly assist," used in the second paragraph; at least, the omission is not such as would call for a reversal of the case.

There is no merit in the criticism of the seventh paragraph of the court's charge. It is immaterial that appellee's petition did not allege that the negligence of a fellow passenger contributed to his wife's injury, as it is also immaterial that there was no evidence of negligence upon the part of any fellow passenger in stepping on her dress, since the charge under consideration does not require that the act of a fellow passenger be negligence. We understand that appellant would be liable if its negligence concurred with the act of a fellow passenger, irrespective of whether or not that act be negligence, and irrespective of whether or not the same was pleaded. The trial court evidently sustained this view of the case, and hence committed no error in refusing appellant's special charge No. 3, to the effect that appellee could not recover if his wife's fall was due to a fellow passenger's stepping on her dress. Her own negligence was sufficiently embraced in the sixth paragraph of the charge given. For the error discussed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*