ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. J. A. SHIPLEY.

Decided March 17, 1910.

**1.—Carriers—Assistance to Infirm Passenger in Alighting.**

Evidence considered and held to support a finding of negligence on the part of a railway in the failure of its employees to furnish sufficient assistance to an aged and paralyzed woman passenger in alighting from the train.

**2.—Same—Contributory Negligence.**

Evidence held not to show conclusively, and questioned as to its sufficiency to raise the issue of contributory negligence on the part of an infirm passenger in attempting to step down from the train without waiting for assistance from the trainmen.

**3.—Charge—Assuming Facts.**

Instructions are not erroneous in assuming the existence of facts proven and uncontroverted. See example.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*S. H. West* and *Marsh & McIlwaine,* for appellant.—On charge assuming facts: Stooksbury v. Swan, 85 Texas, 563; Missouri, K. & T. Ry. Co. v. Williams, 17 Texas Civ. App., 675; St. Louis S. W. Ry. Co. v. Martin, 26 Texas Civ. App., 231; St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1064.

*Fitzgerald & Butler,* for appellee.—On sufficiency of proof of negligence: Missouri, K. & T. Ry. Co. v. White, 22 Texas Civ. App., 424; Missouri, K. & T. Ry. Co. v. Buchanan, 31 Texas Civ. App., 209.

The charge properly assumed the uncontroverted facts. Bonner v. Green, 6 Texas Civ. App., 96; Houston & T. C. Ry. Co. v. Copley, 38 Texas Civ. App., 568. And if error at all, it was harmless. Missouri, K. & T. Ry. Co. v. White, 22 Texas Civ. App., 424; Missouri, K. & T. Ry. Co. v. Buchanan, 31 Texas Civ. App., 209; Gulf, C. & S. F. Ry. Co. v. Garner, 52 Texas Civ. App., 387; Paris & G. N. R. Co. v. Robinson, 53 Texas Civ. App., 12; Gulf, C. & S. F. Ry. Co. v. Redeker, 45 Texas Civ. App., 318.

WILLSON, CHIEF JUSTICE.—In alighting from one of appellant's

ol. LX Civil—1.

trains at Waldo, Arkansas, appellee's wife was injured, as the proximate result, he alleged, of negligence on the part of appellant's employes in failing to render to her the assistance it should have rendered to enable her safely to alight from said train. Appellee recovered a judgment against appellant in the sum of $500.

Appellee did not contend that appellant did not render any assistance to his wife in getting off the train. His contention was that some assistance was rendered to her, but that same was not all that appellant's duty to her demanded it should render.

By its first assignment appellant questions the sufficiency of the evidence to support the verdict and judgment; its contention being that if the testimony showed that its employe attempted to assist Mrs. Shipley at all, it further showed "he used all means at his command to render her every assistance."

It appeared from the testimony that Mrs. Shipley received the injuries complained of about five o'clock on the morning of February 7, 1907. She was then about 62 years of age, and was, and for ten or more years had been, a sufferer from paralysis. She testified as follows: "When the train arrived at Waldo nothing happened only when they all got off of the train, you know—I had no one to help me do anything, and I sat there till everybody was clear gone that was going to get off, every passenger was clear away from the car, and the conductor, I reckon, come in the car and told me that was my place to get off. This party I took to be the conductor was dressed in a conductor's suit and had on a cap, that is all I can tell about how he was dressed. He told me that was my place to get off; I told him I knew it was but I had to have help; I said, 'I am paralyzed and can not go by myself,' and told him that he would be bound to help me. He stood there, and I told him to take my satchel and a little shawl, and he took them up and stepped away from me. I got up, put my hand on the seat and got up, and I then walked as fast as I could. I did not have my walking-stick; I had left it when my son brought me, and he carried it back, and I had to do without a stick till I got to my brother's. I pulled up by the seat. I told this party he would be bound to help me, that I could not go by myself; and when I got to where the benches did not last any longer I just reached up and caught him by his coat sleeve, and that was every bit of the support I had, but I got to the steps and got down to the bottom step, and when I stepped on it I fell. I had hold of this party's coat sleeve and, of course, when I fell I had to turn him aloose. He did not have hold of me; he never did take hold of me; the coat sleeve was all the help I had. I had asked him to help me three or four different times; and I told him that he would have to; that I could not go by myself; when he came to me and told me it was my place I told him I knew it, but could not get off by myself." One Lockhart testified that he was a brakeman on the train in question, and that it was his duty to assist passengers off of same. We think the testimony referred to was sufficient to support the finding of the jury that appellant was negligent in that it failed to furnish Mrs. Shipley the assistance it should have furnished her to enable her to safely alight from the

train. Texas & P. Ry. Co. v. Miller, 79 Texas, 78, 15 S. W., 266; Missouri, K. & T. Ry. Co. v. White, 22 Texas Civ. App., 424, 55 S. W., 593; Missouri, K. & T. Ry. Co. v. Buchanan, 31 Texas Civ. App., 209, 72 S. W., 96; Ft. Worth & D. C. Ry. Co. v. Spear, 107 S. W., 615.

It is further insisted that the "great weight and preponderance of the testimony" showed that Mrs. Shipley's injuries were not caused by any negligence on the part of appellant, but were caused by her own negligence in failing to give appellant's servants an opportunity to assist her before she stepped from the train, "the uncontroverted testimony showing," the assignment recites, "that so soon as defendant's servant who preceded plaintiff's wife down the steps of the car at Waldo, Arkansas, had stepped to the ground, she stepped from the car without giving defendant's servant an opportunity to prepare to assist her." But she had tested his willingness to assist her when, before leaving her seat, she had informed him that she was paralyzed and could not go by herself; and again when, no longer having the seats in the car to hold to, she had taken hold of his coat sleeve for support. The result of those tests was not such as to encourage her to believe that she might, by stopping on the steps and so giving him an opportunity to prepare to do so, receive other assistance from that employe; on the contrary, it was such as reasonably might have led her to believe that by so-stopping she would be deprived of the privilege that far accorded to her of holding to his sleeve. It is not clear to us that an issue as to negligence on her part was even raised by the evidence, but it is clear that if it was the jury were justified in resolving it in her favor.

A portion of the court's charge to the jury was as follows: "If you find that a very cautious and prudent person would, under the same . or similar circumstances under which defendant's servants and employes were situated, have further assisted or used other means in assisting plaintiff's wife from the cars at Waldo, Arkansas; and if you shall further find that defendant's servants and employes failed to use such care in so assisting her, and that as the direct and proximate result of such failure, if any, plaintiff's wife fell to the ground and was injured, you will find for the plaintiff, unless you otherwise find under paragraph 2 of this charge." Appellant insists that the instruction was erroneous, because on the weight of the evidence, in that it assumed as true that its servants did assist Mrs. Shipley in getting off of the train. Mrs. Shipley testified that the person who came into the car after the train reached Waldo, and told her that that was her place to get off, was "dressed in a conductor's suit and had on a cap;" that he took her satchel and shawl and proceeded to carry them out of the train; and that she followed him, holding to the tops of the seats until she got to where they "did not last any longer," when she took hold of his coat sleeve. Oates, the conductor; Pipkin, the auditor, and Lockhart, the brakeman, on the train, testified as witnesses for appellant. Mrs. Shipley promptly replied, when questioned, while said witnesses respectively were on the stand, that neither the conductor nor the auditor was the man who assisted her in getting off the train. When asked the same

question as to the brakeman, Lockhart, she replied: "This gentleman looks sort of like the man that helped me off. I am not positive that he is the one. . . . I could not be positive that he is the man, for I could not see well enough to see." Lockhart testified that it was his duty to assist passengers to get off of the train. Neither he, nor the conductor, nor the auditor, remembered ever having seen Mrs. Shipley. Neither of them remembered anything about the accident testified to by her. Each testified that it was his duty to report to appellant's superintendent such an accident, and that he had not made, or that there was no record of, such a report. The conductor could not say whether he had assisted passengers off the train on the morning in question or not. The auditor remembered helping to unload passengers from the train. Neither the conductor, auditor nor the brakeman denied that he did, when his train reached Waldo on the occasion in question, notify a lady passenger to get off there, or assist one in getting off by carrying out of the car her satchel and shawl while she held to the sleeve of his coat. The testimony we have referred to, as we understand it, controverts the testimony of Mrs. Shipley in so far as it showed that she fell in her effort to get off the train, but does not controvert it in so far as it showed that one of appellant's employes assisted her by carrying her satchel and shawl and by permitting her to hold to the sleeve of his coat. If it did not, as we think it did not, controvert her testimony in respect to such assistance rendered her, the court had a right to assume in his charge that she was assisted as she stated she was by one of appellant's employes. "The rule," said the court in Bonner v. Green, 24 S. W., 836, quoting from Wintz v. Morrison, 17 Texas, 387, "which forbids the judge to charge upon the weight of evidence does not require or authorize him to assume as doubtful that which is clear and indisputable, or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive, and not disputed or questioned, it is to be taken as an established fact, and the charge of the court should proceed upon that basis. It is only where there may be doubt that the jury are required to weigh the evidence, and it is then only that the rule applies that the court shall not charge upon the weight of evidence." And see International & G. N. R. Co. v. Stewart, 57 Texas, 170; Nagle v. Simmank, 54 Texas Civ. App., 432, 116 S. W., 863; Wells v. Houston, 29 Texas Civ. App., 619, 69 S. W., 190; Western Union Tel. Co. v. Burgess, 60 S. W., 1024. If therefore the portion of the court's charge quoted, in the use of the language "further assisted or used other means in assisting plaintiff's wife from the cars," should be construed as assuming that appellant's employes had rendered some assistance to Mrs. Shipley, we do not think it was error which should operate to reverse the judgment rendered.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.