**FT. WORTH & D. C. RY. CO. v. KEERAN.†**

(Court of Civil Appeals of Texas. Ft. Worth.
May 18, 1912. Rehearing Denied
June 29, 1912.)

1. TRIAL (§ 251*) — INSTRUCTIONS — APPLICA-
BILITY TO PLEADING.

A charge presenting an issue of contributory negligence that was not raised by the pleadings is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. MASTER AND SERVANT (§ 296*)—PLEADING
(§ 34*) — INJURIES TO SERVANT — ACTIONS —
ANSWER—CONSTRUCTION.

In a personal injury action by the servant of a railroad company, the answer alleged that plaintiff violated a rule of the company in going upon the tracks at night without carrying with him a lighted lantern to enable those operating switch engines to ascertain his presence. Another special plea alleged that plaintiff took no precaution to guard against being injured by a passing train or engine. *Held*, that the special allegation as to the lighted lantern governed that issue of contributory negligence, so that, in the absence of evidence of the rule, a charge on plaintiff's contributory negligence in failing to carry a lighted lantern was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296;* Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—APPLICA-
BILITY TO PLEADINGS.

In a personal injury action against a railroad company, where the negligence set up by plaintiff was that he was run down by a switch engine which was running silently without lights, and without signals, a charge that, if plaintiff stepped upon the track so suddenly and within such a short distance of the engine that it was impossible for the operators to have ascertained his presence, verdict should be for plaintiff was properly refused, because disregarding the issues of negligence on defendant's part.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. TRIAL (§ 253*)—INJURIES TO SERVANT—
CONTRIBUTORY NEGLIGENCE.

While, under the Employés' Liability Act of 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 10), a railroad company is not liable for an injury to its employé which resulted wholly from the act of the employé, yet an instruction that, if the employé's negligence was the proximate cause of the injury, then verdict should be for defendant was properly overruled, because barring a recovery, despite concurrent negligence of the employer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

5. TRIAL (§ 255*) — INSTRUCTIONS — GENERAL
CHARGE.

In a personal injury action by an employé against a railroad company, an instruction that verdict should be for defendant, unless it was guilty of negligence which proximately contributed to the injury, is sufficient, in the absence of a proper request for a charge that the railroad company was not liable if the injury was solely the result of the employé's negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

6. MASTER AND SERVANT (§ 264*)—INJURIES
TO SERVANT—ACTIONS—VARIANCE.

In a personal injury action by an employé against a railroad company, proof that the engine which caused the injury was running north instead of south, as was alleged in the petition, is an immaterial variance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

7. APPEAL AND ERROR (§ 742*)—REVIEW—AS-
SIGNMENTS OF ERROR—STATEMENTS.

Where the only statement supporting an assignment of error merely referred to the statements under numerous other assignments of error which included evidence which was not pertinent, the assignment cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

8. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF
EVIDENCE.

In a personal injury action against a railroad company, a charge that if plaintiff was not struck and injured by defendant's engine, or, if struck and injured, if the accident was not caused by any negligence of defendant in failing to furnish proper light, keep a lookout, or give warning, judgment should be for defendant, when followed by another charge submitting those issues, is not erroneous as on the weight of the evidence in telling the jury that the defendant had failed to furnish proper light.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by W. E. Keeran against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Spoonts, Thompson & Barwise, of Ft. Worth, and Charles C. Huff and Orville Bullington, both of Wichita Falls, for appellant. Goree & Turner and Theodore Mack, all of Ft. Worth, and Montgomery & Britain, of Wichita Falls, for appellee.

CONNER, C. J. This appeal is from a judgment in appellee's favor for $2,931 as damages for personal injuries inflicted by one of appellant's passing engines in the city of Wichita Falls, Tex. Appellee alleged that at the time he was in the employ of appellant as a brakeman, and that about 10:30 p. m. on the night of November 6, 1909, he was called by a messenger or call boy of the railway company to go out upon a freight train soon to leave Wichita Falls; that he repaired to the caboose of the train, and, having occasion to leave the caboose, stepped therefrom and was suddenly struck down and injured, in the particulars set forth in his petition, by a beam on the rear end of a passing switch engine on a track parallel to that upon which the caboose was situated. He alleged that the company was guilty of negligence in operating its engine in the yards in the city without any sufficient light on the back end thereof, and in that it failed to have any man as a lookout on the end of the engine in the direction the same was traveling, so as to give warning of the approach of the engine; that the servants and employés operating the engine were further

negligent, in that the engine at the time was running without the application of steam, making very little noise, and that the operatives failed to either ring the bell or blow the whistle, or in any manner to give notice to the plaintiff or other person of the approach of the engine.

Appellant replied by a general denial and a special plea of contributory negligence in a number of particulars. So far as now material, the particulars are: "(a) That said plaintiff went upon a track upon which he knew that trains would likely run, without looking or listening for the approach of a train. (b) That said plaintiff, in the nighttime, stepped upon the track in the yards of defendant company in the city of Wichita Falls, Texas. That plaintiff went upon the track and in yards of the defendant company at a time he was not required or requested to be there, and several hours before he was due to leave on his train, and was at the place of his alleged accident at a time the defendant neither required nor requested him to be there. (c) That plaintiff violated a rule of the company, in that he went upon the tracks at night at the point where he sustained his injury, if any, without carrying with him a lighted lantern to enable parties operating switch engine to ascertain his presence. (d) That said plaintiff is further guilty of negligence, in that he failed to notify the parties in charge of said switch engine that he was going upon the tracks at the point where he did go upon the tracks, and took no precaution whatever to guard against being injured by a passing train or engine. (e) That plaintiff stepped upon the tracks in front of a moving engine or cars so suddenly, and within such a short distance of the moving cars or engine, that it was impossible for the parties in charge of such engine or cars to ascertain the presence of plaintiff upon the track."

The trial was before a jury and resulted in a verdict in favor of the plaintiff for the sum stated in the judgment.

Of the nine assignments of error presented in appellant's behalf, eight of them go to the action of the court in refusing special instructions requested, and one (the ninth and last) to the third clause in the court's charge. In other words, no contention is made that the evidence fails to support the verdict and judgment in appellee's favor; the whole complaint here going to the manner in which the issues were submitted. The court correctly defined the term "negligence," and, after submitting the issues of appellant's negligence, instructed the jury in general terms to the effect that, if the plaintiff was guilty of negligence in any or all of the respects set out in defendant's answer, and that the same contributed to his injury, the jury should take such negligence into consideration and reduce plaintiff's damages according to the amount of negligence attrib-

utable to him. The court also gave appellant's special charge No. 9, as requested, which was to the effect that, if the plaintiff, when he descended from his caboose, "failed to look and listen for an approaching engine or car, and that his failure to so look or listen was negligence upon his part," and that the same contributed to his injury, etc., the amount of the damages should be diminished in proportion to the amount of negligence attributable to the plaintiff.

[1] We find no error in the rejection of appellant's special charge No. 10, set out under its first assignment of error, to the effect that, if appellee stepped upon or so near to the tracks as that he could have been hit by a passing engine, and "failed to have with him a lighted lantern to enable the parties operating said switch engine upon said main line tracks to ascertain his presence," and that such failure was negligence and contributed to the injury, the damages should be diminished in proportion to the amount of plaintiff's negligence. Should we adopt the rule applied in some jurisdictions, and now the subject of apparent popular approval, that a judgment will not be reversed for an error, in the absence of some showing that it operated to the prejudice of the losing party, we would be at some loss to determine from anything that appears in the record that any injury followed the rejection of the special charge under consideration, for the reason that, while the plaintiff alleged his damages in the sum of $15,-000, he was awarded a very much less amount, and, for aught that appears in the presentation of the matter, the jury may in fact have diminished plaintiff's damages, by reason of some negligence on his part, in one or more of the particulars alleged by appellant. But, regardless of this suggestion, the charge presented an issue of contributory negligence that was not alleged, and was therefore properly rejected.

[2] The special allegation in the respect under consideration was "that plaintiff violated a rule of the company, in that he went upon the tracks at night at the point where he sustained his injury, if any, without carrying with him a lighted lantern to enable parties operating a switch engine to ascertain his presence." No evidence whatever that the appellant company had any such rule is cited, and we, hence, are authorized to say that there was no such evidence. Appellant seems to concede this criticism of the special charge, but seeks to avoid its effect by invoking the latter part of his special plea of contributory negligence, designated as "d"; that is to say, by relying upon the allegation that appellee "took no precaution whatever to guard against being injured by a passing train or engine." In the absence of a special exception, such general allegation might authorize the introduction in evidence and, hence, the submission, of

some special act relied upon as contributory negligence, not otherwise pleaded; but where, as here, there is a special allegation made in relation to the act under consideration, the special will limit and control the general. The special allegation further is that the plaintiff was guilty of contributory negligence without carrying with him a lighted lantern "to enable parties operating a switch engine to ascertain his presence." It is not alleged that he should have had such lantern to enable him (the appellee) to discover the approaching engine; and, while the evidence is conflicting as to whether appellee did or did not have a lighted lantern at the time he descended from the caboose and approached the main line of track upon which the switch engine was running, no evidence whatever is pointed out that tends to show that the failure to have a lighted lantern operated to prevent appellant's employés upon the switch engine from ascertaining appellee's presence. It is not made to appear that the operatives of the engine were keeping a lookout, or were in such position as that they would or could have seen appellee at all with a lighted lantern, and especially in time to have avoided the accident or injury complained of. Indeed, appellant's whole defense seems opposed to the thought that a failure on appellee's 'part to have a lighted lantern affected the action of the operatives of the engine in any degree. Appellant denies that its engine was insufficiently lighted. If the rear of the engine was provided with the usual light, as some of appellant's testimony indicates, it seems manifest that a lighted lantern would have neither lessened nor increased the opportunity of the operatives to have discovered appellee's situation. So, too, if appellee so suddenly stepped before the moving engine as to render discovery of his presence in time to have avoided injury impossible, as appellant pleads, it must be certainly true that the absence of a lantern in no way proximately contributed to the result.

[3] Special charge No. 4, for the rejection of which complaint is made in the second assignment, is to the effect that, if appellee stepped upon the track, or so near thereto as that he could have been hit by a passing engine, "so suddenly and within such a short distance of an engine moving from the north that it was impossible for parties in charge of said engine, in the exercise of ordinary care, to have ascertained the presence of plaintiff upon said track," the verdict should be for the defendant. This charge, as, also, the special charge presented under the seventh assignment of error, clearly ignores the issues of negligence on appellant's part presented by both the pleadings and evidence of appellee. If the engine was running silently without sufficient light, and without warning of its approach by the ringing of a bell or the blowing of a whistle, as appellee alleged, and the operatives of the engine were guilty of negligence in these respects, then appellant would be liable, notwithstanding appellee's sudden approach; for in such case it may be well assumed that his sudden approach was induced by the absence of light and warning. However sudden appellee's appearance, if appellant's negligence contributed to the injury, liability therefor cannot be escaped, even though appellee may also have been guilty of negligence in suddenly appearing. Therefore the special charges presented for consideration in the second and seventh assignments were properly rejected, and said assignments will be overruled.

[4, 5] Construing appellant's third assignment most favorably to appellant, complaint is therein made of the rejection of special charge No. 3a, which reads: "Gentlemen of the jury: If you find and believe from the testimony that the plaintiff herein was guilty of negligence, as that term has been defined to you in the court's main charge, and that such negligence, if any, upon the part of the plaintiff, was the proximate cause of his injury, and that but for such negligence upon the part of the plaintiff, if any, he would not have been injured, then you are instructed that you should return a verdict for the defendant." The principal contention under this assignment, as also under appellant's fifth and sixth assignments going to other special charges rejected, is that, under the Employés' Liability Act of 1909 (see General Laws [1st Ex. Sess.] 1909, p. 279), a railway company is not liable for an injury to its employé which resulted wholly from the act of the plaintiff himself. This may be, and is freely conceded; but appellant's propositions are by no means supported by the special charges requested. They would in their effect exempt appellant from liability for negligence on its part co-operating with negligence on the part of appellee proximately contributing to the result, and the reverse of the proposition is true. No one of the special charges referred to in the third, fifth, or sixth assignments present the issue of whether the plaintiff's negligence, unmixed with that of negligence on appellant's part, was the sole cause of the injury in question. This being true, the court's general charge, we think, is sufficient on the subject. Thereunder the jury were authorized to find for appellee upon the theory only that appellant was guilty of negligence in one or more of the particulars alleged by appellee, and that such negligence proximately contributed to the injury in question, which, in the absence of a correct special instruction, we must hold to be sufficient. The third, fifth, and sixth assignments will accordingly be overruled.

[6] Special charge No. 2, mentioned in the fourth assignment, was to the effect that if the plaintiff "was not injured in the manner

alleged" the verdict should be for the defendant, the contention apparently being that the injury was caused by the engine running with cars and in an opposite direction from that alleged in appellee's petition; but if, in any event, it can be said that the evidence raised any such issue, we think it wholly immaterial. It certainly can be a matter of no consequence whether the engine was running north or south at the time, or whether attached thereto was one or more cars. The material question was whether appellee was injured by appellant's negligence at the time and substantially in the manner alleged, and this the evidence undoubtedly tends to show, and the fourth assignment is accordingly overruled.

[7] In appellant's eighth assignment, complaint is made of the rejection of a special charge presenting the issue of contributory negligence on appellee's part in being at the place of the injury at a time when he was neither required nor requested to be; but the assignment will, without assigning other reason, be overruled for the want of a sufficient supporting statement. The only statement, in addition to setting out the charge referred to, being as follows: "Statement. See statement under first assignment of error, pages 8 to 12 hereof. See statement under second assignment of error, pages 22 to 31 hereof. See statement under third assignment of error, pages 35 to 42 hereof. See statement under fourth assignment of error, pages 45 to 48 hereof. Special charge No. 8, requested by the defendant, is as follows," etc. It is possible that there is evidence raising the issue intended to be presented in the special charge, although we are not inclined to so believe; but, if so, we feel perfectly free to decline to re-read all of the previous statements in the brief referred to, and which contain many facts pertinent alone to other issues in the case, for the purpose of collating the particular facts that might, if at all, support appellant's proposition under its eighth assignment. So far as any aid is given the court by the statement quoted, a simple reference to the entire statement of facts would have been equally as efficacious.

[8] Appellant's final assignment is that "the court erred on a trial hereof in its main charge to the jury in paragraph No. 3 hereof." The paragraph referred to reads: "If the jury believe from the evidence that the plaintiff was not struck and injured by defendant's engine, or that, if struck and injured by such engine, same was not caused by any negligence of defendant in failing to furnish a proper light, or to keep a lookout, or to ring the bell, or blow the whistle, as charged in plaintiff's petition, then, in either event, you will find for the defendant." The complaint of this charge is that it invades the province of the jury, in that therein the jury are told "that the defendant had failed to furnish a proper light, and had failed to keep a lookout, and had failed to ring the bell or blow the whistle of the engine," when the testimony on these issues was sharply conflicting; the case of M., K. & T. Ry. Co. of Texas v. Wolf, 40 Tex. Civ. App. 381, 89 S. W. 778, being cited in support of this contention. The inference contended for is, perhaps, a possible one, but it is an inference at most; for it is clear that the court has not, in the charge quoted, directly intimated an opinion on the issues of whether the appellant had or had not in fact failed to furnish a proper light, or had failed to keep a lookout, or to ring the bell, or to blow the whistle of the engine. We think it quite improbable that a jury of the intelligence required under the Texas law would draw the inference insisted upon, particularly in view of the further fact that the issues referred to were distinctly submitted for the jury's determination in the second clause of the court's charge, in which respect the case we have now before us is quite distinct from that of Railway v. Wolf, urged in behalf of appellant. We will not review the cases on the subject, but will content ourselves with a mere citation of some of them, all of which have been examined by us, wherein charges very similar have been held not to be subject to the criticism that they were upon the weight of the testimony. See Railway v. Lehmberg, 75 Tex. 66, 12 S. W. 838; Railway v. Waldo, 32 S. W. 784; Railway v. Parks, 73 S. W. 440; Railway v. Hines, 40 S. W. 153; Railway v. Summers, 49 S. W. 1107; Triolo v. Foster, 57 S. W. 699; Railway v. Blan, 62 S. W. 553.

We conclude that the evidence supports the material allegations of appellee's petition, and that no error, as assigned, has been presented. It is accordingly ordered that all assignments be overruled and the judgment affirmed.