SOUTHERN TRACTION CO. v. REAGOR et al. (No. 1626.)*

(Court of Civil Appeals of Texas. Texarkana. May 3, 1916. Rehearing Denied May 25, 1916.)

1. CARRIERS ☜320(8) — PASSENGERS — INJURIES—QUESTION FOR JURY—TAKING UP PASSENGERS.

Whether a duty arises for employés to assist passengers to board a car is for the jury, upon consideration of all the circumstances.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1167; Dec. Dig. ☜320(8).]

2. CARRIERS ☜320(8)—OF PASSENGERS — INJURIES—SUFFICIENCY OF EVIDENCE—TAKING UP PASSENGERS.

In an action for injuries to a child boarding street car with its mother, evidence held sufficient to warrant a finding that it was the duty of the conductor to assist the mother and child in boarding the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1167; Dec. Dig. ☜320(8).]

3. CARRIERS ☜287(4) — OF PASSENGERS — CARE IN TAKING UP PASSENGERS.

Where the carrier, acting through its conductor in the scope of his employment, undertakes to assist a passenger to board a car, it is bound to employ the highest degree of care in doing so.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1157, 1158; Dec. Dig. ☜287 (4).]

4. CARRIERS ☜320(30)—OF PASSENGERS—ACTIONS FOR INJURIES—QUESTIONS FOR JURY—PROXIMATE CAUSE.

In an action for injury to a child boarding a street car and being assisted by the conductor, the question whether the conductor's negligent assistance was the proximate cause of its injury was for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1248; Dec. Dig. ☜320(30).]

5. APPEAL AND ERROR ☜1027—REVIEW—HARMLESS ERROR—PLEADING.

Error in overruling a plea of limitation to certain damages in an action for personal injuries was without injury to defendant, where the instructions did not authorize recovery for such damages, and no such damages were recovered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. ☜1027.]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by Edward Reagor, by next friend, and another, against the Southern Traction Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Mrs. Reagor, with her boy Gordon, aged about 4½ years, and her boy Edward, aged about 22 months, were at appellant's regular station on Commerce street, in Dallas, for the purpose of taking passage on the interurban car to Waxahachie. The car reached the station and was stopped. Mrs. Reagor, with Edward in her arms and Gordon led by Mrs. Reagor's sister, came to the rear end of the car, where passengers boarded it. The conductor, standing near the steps, reached forward and took the child Edward from its mother's arm and put the child on the platform of the car, and then turned to assist the mother to the car steps. At the moment the conductor turned to assist the mother to board the car Edward fell down the steps of the car to the platform of station, injuring his left hip.

The suit is by Edward, by next friend, and also by the father in his own behalf. The petition alleged that the proximate cause of the injury was because the conductor "negligently and carelessly so placed the child on said platform of the car that the child was in a dangerous and unbalanced and inclining position and posture, and in such position that the said child could not get balanced without the assistance of said employé of defendant or some other able-bodied person, which assistance said employé negligently failed to render said child." The appellant company denied the allegations, and pleaded that the injuries from which the child is suffering were due to other and different causes than the fall from the car.

The case was submitted upon special issues, and judgment was entered by the court in appellees' favor in accordance with the findings of the jury. The jury made the following findings of fact: That the conductor, in assisting the child Edward on the car, set him down on the platform of the car in an insecure manner, with his heels not on the platform of the car, and withdrew the support of his hands from the child before it was properly balanced; that this act of the conductor was negligence, causing the child to fall to the ground and be injured; that the falling of the child to the ground was not an accident; that the fall from the car platform to the depot platform was the proximate cause of the diseased condition of the child's hip as shown in the evidence; and that the diseased or dislocated condition of the child's hip is not the result of tubercular

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

affection. As there is evidence to support these findings by the jury, the same are here adopted. The evidence sustains the verdict as to the amount of damages awarded.

J. L. Gammon, of Waxahachie, and Templeton, Beall & Williams, of Dallas, for appellant. Supple & Harding and Will Hancock, all of Waxahachie, for appellees.

LEVY, J. (after stating the facts as above). [1] By the first and second assignments of error appellant contends that actionable negligence may not, in the facts of this case, be predicated upon the act of the conductor in undertaking to place the child upon the car platform. As to whether a duty arises for the employés of the railway company to assist passengers to board the car is a question for the determination of the jury upon the consideration of all the circumstances in the case. Railway Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; Railway Co. v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 96; Hanlon v. Railway Co., 187 N. Y. 73, 79 N. E. 846, 10 L. R. A. (N. S.) 411, 116 Am. St. Rep. 591, 10 Ann. Cas. 366. The duty to furnish assistance might arise under special circumstances. McGovern v. Interurban Ry. Co., 136 Iowa, 13, 111 N. W. 412, 13 L. R. A. (N. S.) 476, 125 Am. St. Rep. 215. Here a mother and her two small children presented themselves for transportation on appellant's car, and the evidence is undisputed that the conductor assisted one of the children to the platform of the car. The conductor furnished the assistance for the reason given in his testimony as follows:

"In placing the child upon the platform my purpose was to assist passengers to get on the car. * * * I took the child to assist it and its mother on the car."

[2] And as to whether the conductor negligently placed the child upon the car platform the evidence was conflicting. The evidence in behalf of the appellees would show that the conductor placed the child on the car platform with its feet only partially upon the platform, and that as he withdrew the support of his hands the child immediately fell backward down the steps of the car. The conductor himself, it would seem, concluded that the situation was such as to make it necessary and proper for him to furnish assistance and to take the child from its mother's arms and place it on the car platform. It is believed that there is sufficient evidence to authorize the jury to find that the situation was such as to warrant the conductor in furnishing assistance to the child and its mother in getting upon the car.

[3] By the third assignment of error it is contended that the responsibility of the company for the conductor's negligence is not to be measured by "that high degree of care which a very prudent and cautious person would exercise under the same circumstances," as charged by the court, but only by ordinary care. It is believed that where, as here, the company, acting through its conductor in the scope of his employment, undertakes to assist a passenger on board the car, the passenger had the right to rely on the careful performance of such undertaking, and may recover of the company for injuries caused by the failure of such employé to use the highest degree of care, as was charged by the court. Railway Co. v. Wolf, 40 Tex. Civ. App. 381, 89 S. W. 778; Railway Co. v. White, 22 Tex. Civ. App. 424, 55 S. W. 593; Railway Co. v. Finley, 79 Tex. 88, 15 S. W. 266; Railway Co. v. Wortham, 73 Tex. 25, 10 S. W. 741, 3 L. R. A. 368; Railway Co. v. Kennedy, 12 Tex. Civ. App. 654, 35 S. W. 335.

[4] It is contended under proper assignments of error that the proximate cause of the injury to the child's hip were intervening agencies independent of the fall. In this respect the instant case is dissimilar in facts to the case of Traction Co. v. Nenney, 178 S. W. 797. And it is believed that the state of the evidence is such as to make the question of proximate cause one for the jury, whose decision in that respect must, it is concluded, be sustained. Therefore assignments of error numbered 4, 5, 6, and 14 are overruled.

[5] By the thirteenth assignment of error it is contended that the court erred in overruling the plea of limitation to damages for hernia set up for the first time more than two years after the date of the injury. This error is without injury to appellant; for the charge did not authorize the father to recover compensation except as arising from dislocated hip and consequent shortening of the leg of the child, and the father did not recover anything on account of alleged hernia.

There is evidence to support the finding of the jury that the fall of the child was not an accident, and the sixteenth assignment of error is therefore overruled.

The remaining assignments of error have been considered, and the conclusion is reached that reversible error is not presented; they are therefore each overruled.

Judgment affirmed.