## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. L. L. SHIELDS.

### No. 1093.

1. **Care by Railway Company for Its Passengers—Charge.**—A passenger upon a railway was burned by a fire started in the car from a broken jug of alcohol brought into the car by another passenger. In a suit against the railway company for damages, the court charged: ''A railroad company in the conduct of its passenger trains is required to have competent and careful agents, and it is the duty of such agents and employes in discharging their duties to exercise the highest degree of care and diligence that human judgment and foresight are capable of to prevent injury of any of its passengers.'' This was error, being at variance with the rule announced in Railway v. O'Halloran, 53 Texas, 53, and approved in Railway v. Welch, 86 Texas, 203.

2. **Rule of Care of Passengers.**—The rule adopted by this court as to the duty by railroads carrying passengers requires ''the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances.'' This rule should govern in this case.

3. **Negligence—Charge.**—It was error to charge that the railway company would be liable for the failure of employes to render prompt aid to the passengers upon the breaking out of the fire. It should have been left to the jury to determine whether due care had been taken.

4. **Case in Judgment.**—In this case a passenger, without the knowledge of the railway company, carried a jug of alcohol into a passenger car, and without fault on the part of the company or its employes let it drop and the alcohol spilt, and before the alcohol could be removed from the floor of the car another passenger, without the

company's fault, set fire to the alcohol, and thereby the plaintiff was injured. From these facts the plaintiff had no cause of action against the railway company. See details of the accident.

APPEAL from Coleman.    Tried below before Hon. J. O. WOODWARD.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—1.  (1) A railroad company is only liable for injuries inflicted on one passenger through the negligence or wrongful act of another, when by the exercise of proper care it might have anticipated the same or might have prevented the same.

(2) A railroad company is not liable for injuries to passengers which are a result of accident or circumstances beyond its control.

(3) The undisputed evidence shows that the falling off of the jug of alcohol, the breaking of the jug, and igniting of its contents, all occurred in a very short space of time, and there is no evidence to show that the defendant or any of its agents knew of the presence of the jug in the car, or the breaking of the same, or of the firing of the same, soon enough to have prevented the injury to plaintiff had the highest degree of diligence been used, and there is no evidence whatever to show any negligence on the part of the defendant or any of its servants under the strictest rules by which their conduct can be measured.

(4) Under the facts of this case no presumption of negligence arose from the fact of the injury, but the burden was on the plaintiff to prove want of care.    Hutch. on Carr., secs. 552, 548–551a; Mullan v. Railway, 49 N. W. Rep., 249; Putnam v. Railway, 55 N. Y., 108; Felton v. Railway, 27 Am. and Eng. Ry. Cases, 229; Royston v. Railway, 7 S. W. Rep., 320; Pat. Ry. Acc. Law, sec. 270; Balton v. Railway, 23 Am. and Eng. Ry. Cases, 514; Railway v. Overall, 82 Texas, 247; Railway v. Mackie, 71 Texas, 499; Railway v. Gibson, 11 Am. and Eng. Ry. Cases, 142.

2.  (1) In guarding against those dangers peculiarly incident to the particular method of transportation a carrier is held to a high degree of care, because as to such matters the passenger is wholly at the mercy of the carrier.    Such a degree of care is required of a railway company as to the condition of its track, roadway, bridges, the movement of its trains, etc.    But as to dangers not so incident to the particular business, and as to which the passenger can guard himself as well as the carrier, and is not wholly at the carrier's mercy, such as exit or entrance to the train, injuries from fellow passengers, etc., the carrier is only required to use ordinary care.

(2) Even under the most stringent rule, the carrier is only bound to use that high degree of care and skill which very cautious persons generally, in their line of business, are accustomed to use under similar circumstances.    They are not bound to use every possible precaution which ingenuity might suggest or the skill of science might afford, as required by the court's charge.

(3) Where there is error in the charge of the court, the judgment will be reversed, unless it clearly appears that the appellant was not prejudiced thereby.

Under first proposition: Railway v. Minor, 11 South. Rep., 101; Taylor v. Railway, 50 Fed. Rep., 755; Hutch. on Carr., sec. 521a; Palmer v. Railway, 111 N. Y., 488; Kelly v. Railway, 112 N. Y., 443.

Under second proposition: Fordyce v. Withers, 20 S. W. Rep., 766; Railway v. Halloren, 53 Texas, 53; Fordyce v. Chancy, 20 S. W. Rep., 181; Railway v. Gross, 21 S. W. Rep., 186; Railway v. Davidson, 21 S. W. Rep., 68; Dougherty v. Railway, 11 S. W. Rep., 251.

Under third proposition: Railway v. Greenlee, 62 Texas, 344; Chandler v. Fulton, 10 Texas, 2; Railway v. Hardy, 61 Texas, 230; Love v. Wyatt, 19 Texas, 312.

*J. C. Randolph* and *Randolph & Webb*, for appellee.—It is the duty of railroad companies to keep the aisles of its cars clear. Stimpton v. Railway, 75 Wis., 381; 44 N. W. Rep., 748.

On duty to protect passenger from injuries by fellow passengers: 2 Am. Rep., 41; 97 N. Y., 500; Thomp. on Carr., p. 303, sec. 4.

Where the injury is the combined result of negligence and accident: 2 Thomp. on Neg., p. 1085, sec. 5; Id., p. 1063–1067.

Concurrent negligence of two persons injuring a third: Thomp. on Neg., p. 1088; Pierce on Rys., 282; 2 Am. and Eng. Encyc. of Law, 747; Hutch. on Carr., sec. 515a.

Where it is doubtful whether the damage is proximate or remote, jury should decide: 2 Thomp. on Neg., p. 1100; Pierce on Rys., p. 311.

Diligence required of plaintiff: Railway v. Smith, 52 Texas, 183; Pierce on Rys., 324, 325.

Diligence required of carrier: Railway v. Burnett, 80 Texas, 536; Railway v. Stewart, 20 S. W. Rep., 962; City, etc., v. Finley, 76 Ga., 311; Thomp. on Carr., p. 303, sec. 4; Flint v. Trans. Co., 34 Conn., 554; 2 Am. Rep., 44, 426.

Due care: Gallagher v. Bowie, 66 Texas, 265; Railway v. Welch, 86 Texas, 203.

KEY, ASSOCIATE JUSTICE.—Appellee, plaintiff below, instituted this suit in the District Court of Coleman County to recover of defendant damages for personal injuries sustained while the plaintiff was a passenger on the defendant's train, by the burning of some alcohol and other inflammable material in one of the cars, alleging that the defendant had negligently permitted a drunken man to come into the car with a large sack containing, among other things, a jug containing alcohol; that defendant negligently allowed the said sack to be brought into the said train and into the car, and placed on a seat; that the said jug fell and broke, and the contents thereof were thrown over the floor of the car, and over the plaintiff's shoes and

clothes; that said sack also contained iron, wood, matches, and other combustible material, and defendant negligently permitted the contents of the said bundle to fall on the floor, igniting the same, breaking the jug, and setting the contents on fire, burning the plaintiff, and causing the injuries complained of; and that defendant and its servants, after plaintiff's clothes were so set on fire as alleged, negligently failed to render him any aid or assistance in extinguishing said burning material, etc.

Defendant answered by general and special exceptions, general denial, and special answer setting up contributory negligence, in that plaintiff was riding in a second-class coach, when he was entitled to ride and had full access to a first-class coach on said train, and that in the second-class coach he came in contact with a rougher element of the traveling public, and if any danger existed to plaintiff or other passengers by reason of the presence of said drunken man, or the other matters alleged in the plaintiff's petition, that the same was well known to plaintiff in ample time to have left said car and to have avoided the danger.

A verdict and judgment were rendered for the plaintiff for $3417, from which the defendant has appealed.

*Opinion.*—1. The court below suppressed the deposition of Henry Gregg, a witness for appellant, upon the ground that said witness had failed to answer cross-interrogatory 22 propounded to him by appellee. Considering the witness' reply to cross-interrogatory 22 and other cross-interrogatories, we think said cross-interrogatory was substantially answered, and that the court erred in suppressing the deposition. Appellee contends, that as the deposition was suppressed several months before the case was tried, and as it was not shown that appellant could not have retaken the witness' deposition, therefore no ground for reversal exists, even though the deposition were improperly suppressed. As the case will have to be reversed upon other grounds, it is not necessary to decide whether or not this contention be correct. And the same may be said in reference to the question presented by the third assignment of error. As the argument therein complained of was founded upon the fact that appellant did not have Gregg's evidence before the jury, and as, under the ruling just made, his deposition will doubtless be in evidence upon another trial, it is not probable that the argument complained of will be repeated.

2. Among other things, the court instructed the jury as follows: "A railroad company in the conduct and management of its passenger trains is required to have competent and careful agents, and it is the duty of such agents and employes in discharging their duties to use and exercise the highest degree of care and diligence that human judgment and foresight are capable of, to prevent the injury of any of its passengers." In other parts of the charge, in submitting the issues directly to the jury, the same degree of care was imposed. Substan-

tially the same charge was considered and condemned by this court in Railway v. Stricklin, 27 Southwestern Reporter, 1093, because at variance with the rule of liability announced in Railway v. Halloren, 53 Texas, 53, and reaffirmed in Railway v. Welch, 86 Texas, 203.   It follows, therefore, that the assignments of error which complain of the charge in this respect must be sustained.

It is contended, however, by appellant's counsel, that as to the matters complained of in this case by appellee, appellant owed him no higher duty than that of ordinary care.  There are authorities which hold that the rule announced in some cases, viz., "that railway corporations are liable if they fail to exercise the highest possible care to protect their passengers," should be restricted to matters pertaining to the construction and maintenance of roadbeds and tracks, and the equipment and operation of trains; and that, as to stational arrangements and facilities, and even as to approaches to cars, railway companies are only required to exercise ordinary care.   Palmer v. Railway, 111 N. Y., 488; Kelly v. Railway, 112 N. Y., 443; Taylor v. Railway, 50 Fed. Rep., 755; Moreland v. Railway, 141 Mass., 31.   And it has been held that the same rule applies where a passenger is injured by the disorderly conduct of a fellow passenger (Railway v. Minor, 11 Southern Reporter, 101); though the Supreme Court of Pennsylvania has refused to allow such an exception to the general rule of liability.  Railway v. Pillow, 76 Pa. St., 510.

As to injuries caused by the operation of trains, railway companies in this State are required to exercise ordinary care to avoid injury, even to a trespasser, when he is not guilty of contributory negligence (Railway v. Sympkins, 54 Texas, 615); while their duty to passengers is defined to be, "the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances."  Railway v. Halloren, 53 Texas, 53; Railway v. Welch, 86 Texas, 203.   It is true that we have been cited to no case in this State, and have found none ourselves, where this latter rule of liability has been applied when it was sought to hold the railway company responsible for injuries caused by the conduct of a fellow passenger; in fact, this question does not appear to have been authoritatively decided in this State.   But whatever exception should be made, if any, from the general rule of a railway carrier's liability to passengers as defined in the Halloren case, above cited, we are of opinion that this case falls within the general rule, and not within the exception.

The reason given for the exception, as shown by the authorities cited, and as stated in Taylor v. Railway, 50 Federal Reporter, 755, is as follows:   "A carrier is held to the highest degree of care as to condition of its engines, cars, bridges, and other appliances, because negligence as to them involves extreme peril to passengers; therefore, as a passenger's detention at a depot, or his exit to the train, is not attended with the hazards pertaining to the journey on the cars, the degree of care is

justly lessened to the extent that at such a time and at such a place the carrier is bound to exercise only a reasonable degree of care for the protection of its passengers."

The injury of which the plaintiff in this case complains was caused by a jug of alcohol being spilt in the car in which he and other passengers were riding, which spread over a considerable portion of the car floor, some of which got in his shoes and upon his clothing, and by some means that portion which had spread out in front of him was ignited, thereby causing immediate combustion of all the spilt alcohol in the car, and setting his clothing on fire, etc. This accident involved not only appellee but other passengers in extreme peril. Instead of injuring one passenger, it might have injured several. The danger was possible not only to appellee but to others, and as they could not rightfully exercise any control over the passenger who brought the inflammable substance on the train, nor otherwise prevent the accident, we do not think the reason upon which the exception is founded exists; and we hold, that the degree of care prescribed in the Halloren case applies in this case also.

3. While the court's charge on contributory negligence was a correct statement of the law, it was not as full, and did not submit the case made by the evidence as clearly and accurately as the special instruction asked by appellant on that subject; and without holding that the refusal of the requested charge constitutes reversible error, we recommend that it be given upon another trial.

4. In some other respects the court's charge is subject to criticisms urged against it. By implication, at least, it makes appellant liable for the failure of its employes to render prompt assistance to appellee after they discovered his danger, without reference to the danger to the employes the rendering of such assistance would have involved. But two employes of the company were in the car at the time of the accident, and, according to appellee's own evidence, they could not have aided him when he first caught on fire without passing through the flame caused by the burning alcohol. The charge also assumes, that a failure by said employes to render prompt assistance after discovering appellee's danger would constitute negligence. This the court had no right to assume. In this State, except where there is a failure to perform a duty imposed by statute or other written law, whether or not a given state of facts constitute negligence is a question to be determined by the jury, and not a matter of law to be declared by the court. In charging upon the phase of the case involved in the failure of appellant's employes to render appellee assistance after his peril was discovered, the court should be careful—as it should in submitting the question of negligence involved in any other branch of the case—to leave it for the jury to determine whether or not the facts constitute negligence. And in determining that question, it is proper for the jury to consider the situation of the parties and all the circum-

stances surrounding the accident, and the court in its charge may so inform them.

5. It is urged by appellant that the evidence discloses no negligence on the part of its employes on the occasion in question, and that therefore the court below erred in not granting its motion for a new trial. We can not assume that the plaintiff will not support his case upon another trial by additional and stronger testimony; and therefore we deem it unnecessary to pass upon the sufficiency of the testimony. Testimony may be offered tending to show that one of the appellant's employes set the alcohol on fire, or was guilty of negligence in some other pertinent respect.

For the error in the court's charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 10, 1894.

### ON MOTION FOR REHEARING.

KEY, ASSOCIATE JUSTICE.—Since this court rendered its judgment reversing and remanding this cause, appellee has filed two motions: one for a rehearing, and the other requesting this court to file conclusions of fact and of law on the merits of his case as disclosed by the evidence. In the latter motion, appellee admits that he knows of no additional evidence, and does not expect to strengthen his case upon another trial. This admission being made, and the parties desiring it, we give our opinion on the facts, and that opinion is, that the plaintiff is not entitled to recover.

The testimony shows, that appellee (plaintiff in the court below) was traveling on appellant's railroad from Galveston to Santa Anna; that he was a passenger, riding on a ticket entitling him to all the rights, privileges, and protection of a passenger; and that at the time in question he and a companion were occupying a seat in the smoking car. At Belton, Texas, one J. W. M. Harris boarded the train as a passenger, and took a seat in the same car occupied by the plaintiff, across the aisle and opposite from where the plaintiff and his companion were sitting. The testimony warrants the conclusion, and we so find, that Harris was at the time intoxicated, but he was not shown to be disorderly, and did not conduct himself in such manner as to justify appellant in either refusing him admission to the train or putting him off after he boarded the same. Harris carried with him on the train a sack containing some potatoes, a coffee mill, and a gallon jug of alcohol. Harris placed the sack on the seat by him, one end on the seat, so that the sack leaned against the back and arm-rest of the seat, and the upper end of the sack projected into the aisle of the car; the sack was about 30 inches long and 24 inches wide, and it projected into the aisle about 7½ inches. While in this position, the testimony shows that the sack came untied, and the coffee mill and jug of

alcohol fell upon the floor of the car; that the jug burst, and the alcohol spilt on the floor and on the plaintiff, some getting on his legs, some in his shoes, saturating his stockings, etc.    A passenger occupying a seat in front of the plaintiff threw a lighted match into the alcohol, which had run down the aisle, which immediately ignited the entire mass, set the plaintiff's clothing on fire, and burned and seriously injured his feet and ankles.    When the accident occurred the plaintiff was sitting near the middle of the car, and the porter was in the front end of the car attending to a lamp.    The fire flamed up instantly nearly if not quite to the ceiling of the car, and the plaintiff jumped up and went to the rear of the car, stepped behind the door, and attempted to get his shoes and stockings off, when his companion and another passenger came to his assistance.    There was another employe of appellant in the same coach, but he does not appear to have been any part of the crew running the train in question.    He was sitting about four seats in front of the plaintiff when the accident occurred.    As soon as the alcohol caught on fire everybody attempted to get out of the car, except the plaintiff, who got behind the door in the rear end.    Soon after, but exactly how long is not shown, the plaintiff's companion and another passenger came to his assistance.    No employe of appellant rendered any assistance in extinguishing the fire on plaintiff's person; but it is not shown that they could have done so without great injury to themselves, nor that they could have reached him before he was relieved by others.    The plaintiff testified, among other things, as follows:    "When the fire blazed up it blazed up high, causing a high blaze to flame up towards the ceiling of the coach. There was a blaze of fire between where I was and the porter and other parties in the front end of the car.    The porter, to have reached me, would have had to come through the blazing alcohol.    The sack when setting on the seat was tied up.    I was in as good position to tell what was in the sack as the conductor or any one else.    No one could see what was in the sack.    I knew the sack was protruding over the aisle at the time I had my feet over in the aisle.    My feet were just to the front of, but not immediately under the sack."    It was but a short period of time after the alcohol was spilt when it was set on fire and the accident occurred, and it was not shown that appellant's employes knew that the jug contained alcohol; in fact, it was not shown that the conductor or any other employe knew that Harris had a jug with him until it fell out of the sack, though the conductor had collected Harris' fare, and doubtless knew that he had the sack on the seat with him.

The foregoing contains a fair summary of the material facts, and about which there is no conflict in the testimony.    .

It can not be successfully denied that Harris had the right as a passenger to carry baggage on the train, and that he had the right to carry it in a sack if he chose to do so.    We think it is equally clear, that in the absence of some information or circumstance indicating that the sack contained something dangerous to other passengers, it

was not the duty of appellant's conductor or any other employe to open the sack and examine its contents.

However, it is strenuously insisted on behalf of appellee, that appellant was guilty of negligence in allowing Harris' sack to project into and partially obstruct the aisle. This may have been negligence, but it was not actionable negligence, unless it was a proximate cause of the injury. If in passing along the aisle, appellee had come in contact with the projecting sack and had been injured, then he might have a cause of action. But such is not the case here. In this case a passenger, without the knowledge of the railway company, carried a jug of alcohol on the train, and without fault on the part of the company or its employes let it drop and the alcohol spill, and before the alcohol could be removed from the floor of the car, another passenger, without the company's fault, set it on fire, and thereby the plaintiff was injured. The sack's projecting into the aisle was not the proximate cause of the injury.

In our opinion the plaintiff has no case, and the judgment heretofore rendered by this court reversing and remanding the cause will be set aside, and judgment here rendered that the plaintiff take nothing, and the defendant go hence without day and recover all costs.

*Reversed and rendered.*

Delivered February 20, 1895.

FISHER, Chief Justice, did not sit in this case.