Texas & Pacific Railway Company v. G. W. Storey.

Decided May 10, 1902.

**1.—Railway Company—Air Brakes—Degree of Care.**

Where the air brakes of a car were sufficient so long as the car was attached to the train, the fact that they were not in such a high degree of efficiency as to stop the car in time to prevent a collision where, by the act of a drunken passenger, the car had been uncoupled from the train while in motion, did not, as matter of law, render the company liable for a resultant injury, but it was for the jury to determine whether such an unauthorized act by a passenger should have been anticipated.

**2.—Same.—Statute Construed.**

The article of the statute requiring a brake and a competent brakeman on the rear coach of trains applies only to mixed trains, and not to those that are exclusively passenger or freight trains. Rev. Stats., art. 4517.

Appeal from Lamar. Tried below before Hon. Ben H. Denton.

T. J. Freeman and Head & Dillard, for appellant.

Dudley & Sturgeon, for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—G. W. Storey sued the Texas & Pacific Railway Company and the Texas Midland Railroad to recover damages on account of personal injuries received by his wife in an accident which occurred on December 20, 1900, at a point on the line of the Texas & Pacific Company about ten miles east of Paris, Texas. A jury trial resulted in a judgment against the Texas & Pacific Company, and it has appealed. The Midland Railroad was held not liable.

Mrs. Storey was a passenger on an excursion train en route from Enloe, Texas, to Huntsville, Ala. The coach in which she was riding was carried by the Texas Midland from Enloe to Paris. It was there attached to a train of the Texas & Pacific Company, being the rear coach of said train. Soon after the train left Paris, and while it was in rapid motion, a drunken passenger, in a spirit of recklessness and wantonness, uncoupled the said coach from the rest of the train. This caused the air brakes all over the train to be set automatically. The main part of the train, which consisted of an engine and eleven coaches, stopped sooner than did the coach which had been cut loose and the said coach ran into the cars ahead of it. The shock of the collision threw Mrs. Storey against a seat and injured her.

One of the theories of the plaintiff was that the air brake on the coach in question was defective, and that had the same been in good condition the coach would have been stopped by the automatic action of the air brake before it collided with the cars in front. On this issue the court charged the jury as follows: "If you believe from the evidence before you that the defendant the Texas & Pacific Railway Company's train was not provided with a good and sufficient air brake, or if you find that such air brake so provided on said train, was not in proper working order so that same was operative on the coach in which Mrs. Storey was riding, and you further believe that the failure to so provide said train with a proper air brake, or the failure of the same to operate or properly work, was the proximate cause or one of the proximate causes of her injury, if any, then if you find such to be the facts you will return a verdict for the plaintiff against the Texas & Pacific Company." The uncontroverted evidence was that the air brake on said coach was in working order and that when the cars were uncoupled the brakes were set automatically on the detached coach. The plaintiff, however, attempted to show that had the air brake been in a higher state of efficiency the coach would have been stopped sooner than the main portion of the train and the collision thereby averted. So long as the coach remained attached to the train, the condition of the air brake did not endanger the safety of the passengers. The equipment of the train was sufficient for the safe operation thereof while the said coach was coupled to the rest of the train. The coupling appliances

provided were sufficient to hold the coach in position. But for the intervening act of the drunken passenger in uncoupling the cars, the accident would not have happened. Unless the company ought to have anticipated the occurring of such an event, it can not be held guilty of negligence on account of the condition of the air brake. Under all circumstances other than those brought about by the unwarranted act of a third person, the air brake was sufficient. The company was not negligent in having the air brake in such condition, unless it should have foreseen that a necessity might arise for having the same in more perfect condition. Such necessity could be created only by the unauthorized act of a stranger, and if there was no reason to apprehend such an act, negligence could not be predicated on the condition of the air brake. It was not necessary, in order to show negligence, that the company should have anticipated the very event which transpired; that the cars would be uncoupled at the time and place and in the manner they were, and by the particular drunken passenger. But it was necessary to show that the company should have foreseen that some such person would, by the same wrongful or negligent act, render the appliances which had been provided for the safety of the train insufficient for that purpose before negligence would be established on the ground that the air brake, otherwise sufficient, was defective. Our conclusion is that the trial court erred in giving the charge under consideration and in refusing to submit to the jury the issue whether the company should have anticipated the happening of an event like that which caused the accident. Railway v. Bigham, 90 Texas, 223; Packet Co. v. White, 41 S. W. Rep. (Tenn.), 583.

Another contention of the appellee is that the hand brake on the coach in question was defective and that there was no brakeman on the said coach; that had the hand brake been in good condition and had a brakeman been present, the accident could have been prevented. On this issue the court instructed the jury, in substance, that if the hand brake was defective and a competent and trustworthy brakeman was not on the said coach, and the accident could have been averted by such brakeman by the use of the hand brake, then the plaintiff was entitled to recover. The charge is evidently based upon article 4517, Revised Statutes, which requires railway companies to provide the rear coach of all trains transporting passengers and merchandise with a good and sufficient brake and to station on such coach a competent and trusty brakeman, and fixing a penalty, recoverable by the State, for a failure to comply with such requirements. The Fort Worth Court of Civil Appeals, in Railway v. Shetler, 58 Southwestern Reporter, 179, and the Austin Court of Civil Appeals in State v. Railway, 4 Texas Court Reporter, 773, have held that this article of the statute applies only to mixed trains transporting both passengers and merchandise, and does not apply to trains carrying either passengers alone or merchandise alone. We concur in the opinions of our sister courts, and conclude,

that as the train in question was a passenger train and not a mixed train, the statute is without application in this case and that the trial court erred in giving said charge.

The judgment as to the Midland Railroad is affirmed. The judgment as to the Texas & Pacific Company is reversed and the cause remanded.

*Reversed and remanded.*