HELEN M. JACKSON *vs.* BOSTON ELEVATED RAILWAY COMPANY.
WILL P. JACKSON *vs.* SAME.

Suffolk.    March 4, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway.

A street railway company is not liable for injuries suffered by a woman, who was a passenger in a station maintained by it in a subway, by reason of the conduct of a pushing, jostling and boisterous crowd which forced her through the vestibule into the interior of a car and caused her to stumble over a dress suit case left on the floor by another passenger, if it does not appear that the company had reason to expect such a crowd or to anticipate its conduct.

TWO ACTIONS OF TORT, the first for personal injuries suffered, as described in the opinion, by reason of the action of a crowd in the Scollay Square subway station of the defendant when the plaintiff was about to take a train. The second action was for consequential damages alleged to have been suffered by the husband of the plaintiff in the first action. Writs dated October 19, 1911.

In the Superior Court the cases were tried together before *Hall,*

---

J. The evidence is described in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. P. Magenis,* (*T. H. Bilodeau* with him,) for the plaintiffs.

*C. Brewer,* for the defendant.

BRALEY, J. The plaintiff in the second action is not entitled to consequential damages unless his wife, the plaintiff in the first action, can recover for personal injuries suffered while she was a passenger on the defendant's railway. The defendant contends that the verdict ordered by the trial judge should stand as there was no evidence of its negligence. If a view of the evidence most favorable to her is taken, the jury would have been warranted in finding that, upon entering the defendant's station carrying an infant child on her left arm, she found herself in the midst of a crowd filling the station, by which at first she was jostled and steadily forced toward the track. As the train came in the crowd moving to board the car became more boisterous and energetic, and she was caught in the moving mass, pushed through the vestibule into the car, where she was injured by falling over the dress suit case of a passenger in the car when it arrived.

The carrying of travelling bags or bundles by passengers is an ordinary incident of travel, and unless the carrier can be charged with reasonable notice that such articles are so placed as to become obstacles to the safe entrance or exit of passengers, no neglect of duty is shown. *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227, and. cases cited. *Hotenbrink* v. *Boston Elevated Railway,* 211 Mass. 77.

It is not, however, contended by the plaintiff that this transient obstruction, of which the defendant's servants are not shown to have had any knowledge, caused her injuries. The jury could have further found as she testified, that upon the arrival of the train she was in the centre of the crowd, and "they crowded me in with them and pushed me over the dress suit case," and that if her movements had been unhampered she would have entered the car free from the overmastering coercion of the crowd, and the accident would not have happened. As said by Mr. Justice Morton in *Coy* v. *Boston Elevated Railway,* 212 Mass. 307, 309, when defining the relation of passenger and carrier under somewhat similar circumstances, "It was the duty of the defendant to

protect its passengers from harmful misconduct on the part of other passengers so far as the same could be reasonably anticipated and guarded against, and to that end to use all practicable means consistent with proper efficiency in the management of its business which experience or a due consideration of the circumstances might suggest to prevent the occurrence of such an accident as happened. *Kelley* v. *Boston Elevated Railway*, 210 Mass. 454. *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497. *Jackson* v. *Old Colony Street Railway*, 206 Mass. 477. *Beverley* v. *Boston Elevated Railway*, 194 Mass. 450. *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341."

But a careful examination of the record, within which we are confined, fails to disclose the slightest evidence that the defendant or its servants or agents from former experience or from any warning or information imparted to them ought to have foreseen that a throng of impatient passengers not only would fill the station, but simultaneously would endeavor to board the car as it came in, and that, having been forewarned, the duty was imposed upon the company to have taken proper precautions to guard the plaintiff and other passengers from violence or injury. *Morse* v. *Newton Street Railway*, 213 Mass. 595. *Nute* v. *Boston & Maine Railroad*, 214 Mass. 184. It only appears that the extraordinary conditions described arose for the first time when the plaintiff became a passenger, and, the defendant not having been bound to anticipate and to guard against such an emergency, no breach of duty is shown. The present case therefore falls within *Anshen* v. *Boston Elevated Railway*, 205 Mass. 32, *McCumber* v. *Boston Elevated Railway*, 207 Mass. 559, and *Marr* v. *Boston & Maine Railroad*, 208 Mass. 446, where it was held that in the absence of such evidence the plaintiff could not recover.

*Exceptions overruled.*