**HOUSTON ELECTRIC CO. v. BRAGG.***
.(No.. 712–4277.)

(Commission of Appeals of Texas, Section A.
Nov. 4, 1925.)

1. Carriers ⇒302(1) — Where reasonable minds might differ whether street car company was required to furnish person to keep aisles clear, negligence could be based on failure to do so.

Whether exercise of high degree of care required of street car company to prevent injury to passenger required it to furnish person to see that aisle was free of obstructions would depend upon conclusions which reasonable minds would reach from the facts, and if reasonable minds might differ, failure to furnish such person would be predicate upon which negligence could be based.

2. Carriers ⇒302(1)—In view of circumstances, held that street car company might have anticipated baggage would be placed in aisle, over which passengers might stumble.

In action for injuries sustained by falling over suitcase in aisle of street car, held that, in view of circumstances, it might reasonably have been anticipated that baggage would be placed in aisle of street car, and that others, without knowledge of it being so placed, might stumble over it and fall.

3. Carriers ⇒302(1)—Carrier owes duty to passenger to see that aisle is not obstructed at time passenger is alighting from street car.

High degree of care which carrier owes to its passenger may, in law, include duty to see that aisle of street car was not obstructed by suitcase, over which passenger was likely to stumble and fall at time car was stopped for passengers to alight.

4. Carriers ⇒302(1)—Negligence can be predicated on allegation that street car company should have furnished person to keep aisle clear of obstruction.

In action for injuries sustained by falling over suitcase in aisle of street car, holding of trial court that negligence could not be predicated on allegation that some person should have been furnished by street car company to see that aisle was not obstructed when passengers were alighting *held* erroneous.

5. Carriers ⇒320(24)—Allegation that street car company negligently permitted suitcase in aisle held to raise issue for jury.

In action for injuries sustained by falling over suitcase in aisle of street car, issue raised on allegation that street car company negligently permitted suitcase to be placed in aisle, and to be there at time car was stopped for passengers to alight, supported by evidence, should be submitted to jury.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Mrs. Lorena Bragg against the Houston Electric Company. From a judgment of the Court of Civil Appeals (264 S. W. 245), reversing the judgment of the District Court, defendant brings error. Judgment of Court of Civil Appeals affirmed.

Baker, Botts, Parker & Garwood, of Houston,. for plaintiff in error.

Woods, King & John, of Houston, for defendant in error.

BISHOP, J. This is a suit by defendant in error, Mrs. Lorena Bragg, against plaintiff in error, Houston Electric Company, to recover damages for personal injuries alleged to have been sustained by her while a passenger on one of its street cars in the city of Houston. In her original petition she alleged that on or about December 23, 1920, she became a passenger on one of its cars which was being operated by one man only; that the car was a small one, with seats close together, there not being room to place a large suitcase between the seats; that the aisle between the seats was narrow; that the only means of entrance and exit was through the front door immediately to the right of the operator or motorman, "whose duty it was to open and close the door for the entry and exit of passengers"; that there was sufficient space in the front end of the car where "articles such as suitcases" belonging to passengers could be deposited; that on boarding the car "she took her seat somewhere near the rear" thereof; that when the car reached Main street, her destination, "she arose from the seat and started down the aisle to get off"; that the car and the aisle were crowded with people, and, as she walked down the aisle, she stumbled over a large suitcase, deposited by a passenger in the aisle, causing her to fall and sustain injury; "that she came into the city on said car during what is known as the rush hour or time, and, it being just before the Christmas holidays, there were many passengers thereon with bundles in their arms, which added to the already congested condition of said car."

She alleged in paragraph 11 of said petition that her injury was the direct and, proximate result of the negligence of plaintiff in error, "its agents, servants, and employees in the following particulars, to wit":

"(a) In furnishing and operating over its line of street railway in the city of Houston the above-described one-man car.

"(b) In furnishing and operating said car upon which the plaintiff was then and there a passenger without a conductor or person charged with the duty of keeping the aisle of said car clear and free of suitcases and other like articles for the safety of its passengers.

"(c) In permitting a passenger to carry into said car the suitcase mentioned above, and to deposit the same in the aisle of said car where plaintiff and other passengers had to pass.

"(d) In not requiring said passenger to deposit and. leave said suitcase on the front end of said car, which she could have done with per-

fect safety to plaintiff and other passengers thereon.

"(e) In failing to keep a lookout to prevent the passenger from taking into and depositing in said aisle the suitcase over which plaintiff fell."

Paragraph 3 of said petition is as follows:

"That on or about the 23d day of December, A. D. 1920, the plaintiff became a passenger on one of defendant's said cars, said car upon which she was a passenger being a small, green, one-man car; that is to say, it was operated by one man only, there being no conductor on said car. That said car, as alleged above, was a small car, with the seats therein close together, and not room for a large suitcase to be placed in between said seats, and no place in said car to place a large suitcase, except to set same down in the aisle, which was narrow, and not room for passengers to pass along said aisle without stepping over said suitcase or crowding themselves between the suitcase and the ends of the seats."

To the petition plaintiff in error filed and presented exceptions as follows:

"It specially excepts and demurs to paragraph 3 of said petition, on the grounds of generality and indefiniteness, in that said allegations are too vague, indefinite, and general to properly apprise this defendant of the particular car, the particular line on which this street car was being operated, and the particular time of day or night at which this alleged accident occurred. Because of the lack ·of such allegations, the defendant is not able to prepare its defense, and now respectfully prays to the court that it compel the plaintiff to allege with particularity the car; the number of the car; the line on which the car was being operated; the time of day or night at which the accident occurred. Of this it prays judgment.

"(2) Defendant further specially excepts and demurs to subdivision (a) of paragraph 11, for the reason that the defendant is under no legal duty to operate a two-man car, and for the further reason that the operation or furnishing of the one-man car could not be a violation of any legal duty owing by the defendant to the plaintiff, and therefore could not be a ground of negligence for which defendant will be liable in damages to the plaintiff.

"(3) Defendant specially excepts and demurs to subdivision (b) of said paragraph 11 for the reason that the defendant is not under any legal duty or requirement to operate a street car with a conductor, and that the allegation of said subdivision (b) does not charge the defendant with the violation of any legal duty, and for the further reason that the defendant is not under any legal duty to furnish and operate a street car with more than one man, provided such method of operation be. the usual, customary, and standard method of operation by ordinary, careful, and prudent street car companies."

The trial court sustained these exceptions, and made and entered an order directing defendant in error "to by amendment eliminate from her petition the' fact allegations therein contained, and to which said exceptions were addressed." She excepted to this ruling and order of the court, and, complying therewith, she amended her original petition as directed, making more definite the allegation relating to paragraph 3 above quoted in respect to the matters indicated in special exception No. 1, and eliminated therefrom allegations (a) and (b) as a basis of negligence, but retained the allegations of negligence contained in sections (c), (d), and (e) above quoted. The case was tried before a jury. At the conclusion of the evidence, the court peremptorily instructed a verdict in favor of plaintiff in error, and thereon rendered and entered judgment denying defendant in error recovery. This judgment was by the Court of Civil Appeals reversed and the cause remanded. 264 S. W. 245.

[1] The effect of the ruling of the trial court on the exceptions was to hold that negligence could not be predicated on the failure of plaintiff in error to furnish some person "with the duty of keeping the aisle of the car clear and free of suitcases and other like articles for the safety of its passengers" under the facts alleged in the petition. The Electric Company owed her the duty to exercise that high degree of care which a very cautious and prudent person would have exercised, under the facts alleged, to have prevented her injury. Whether the exercise of such care required it to furnish such person would depend upon the conclusion which reasonable minds would reach from the facts stated. If it can be said that all reasonable minds must conclude that it would be unreasonable to require that such person be provided to prevent obstructions in the aisle of the car, such as the one here alleged, the duty to exercise care in this respect, as a matter of law, does not exist. If, on the other hand, reasonable minds might differ as to whether plaintiff in error should have furnished a person whose duty it was to see that when the car stopped to allow passengers to alight the aisle of the car was free of such obstructions, the failure to furnish such person would be a predicate upon which negligence could be based.

[2] The facts here show that the motorman was stationed in the front of the car. His back was to the passengers in the car when starting and stopping it, and also while it was in motion. For, in operating the car, it was clearly his duty to keep the track in front of the car within his observation. It was his duty to open and close the door of the car to allow entrance and exit of passengers. And the duty also devolved upon him to attend to the collection of fare. This accident occurred during the Christmas holidays—during the rush season of the year, as well as the rush hour of the day. The car was crowded with passengers carrying with them bundles and baggage. It was practically impossible for him to also keep the aisle of the car under his observation at the times when passengers were leaving their seats and

passing through the aisle in the act of leaving the car, and also when other passengers were entering the car, paying their fare, possibly asking for change, and making use of the aisle in reaching seats in the car. The aisle was there for the purpose of being used by passengers in approaching and leaving their seats. It was certainly not intended to be used for the storage of baggage. There was a place where baggage could be deposited without endangering those using the aisle. In view of all these facts and circumstances, it may reasonably have been anticipated that baggage would be placed by some passengers in the aisle of this car, and that some other passengers, without knowledge that it was so placed, would stumble over it and fall, thereby sustaining injury.

[3, 4] Defendant in error had a right to presume that the passageway provided for her convenience in leaving the car would not be obstructed by baggage. We think the high degree of care which the carrier owes to its passengers may in law include the duty to see that the aisle of its car was not obstructed by a large suitcase over which she was likely to stumble and fall, especially at the time when the car was stopped for her to alight therefrom. Under all the facts alleged in this case, it was extremely doubtful whether the motorman could have possibly performed this duty. We think the trial court erred in holding that negligence could not be predicated on an allegation that some other person should have been furnished to perform it. 4 R. C. L. p. 1081, and cases there noted. Kuhlen v. Boston & N. St. Ry. Co., 193 Mass. 341, 79 N. E. 815, 7 L. R. A. (N. S.) 731, 118 Am. St. Rep. 516.

[5] We are also of opinion that the trial court erred in peremptorily instructing a verdict for plaintiff in error. After the court had required the defendant in error to by amendment eliminate her allegation, based on the failure to furnish some person with the duty to see that the aisle was kept free of obstruction, there still remained an allegation that plaintiff in error negligently permitted the suitcase to be placed in the aisle, and to be there at the time the car was stopped for her to alight therefrom. There was evidence to support every material allegation with reference to this issue tendered in the pleadings, and the issue should have been submitted to the jury.

The issues tendered in the pleadings in this case should not be confused with those cases in which it is held that mere proof that the accident occurred is not proof from which it can be inferred that the carrier knew, or by exercise of diligence should have known, that the obstruction was in the aisle. Here the alleged negligence is lack of care in permitting the obstruction to be placed there. The negligence here alleged does not depend on knowledge of the presence of the obstruc-

tion after it is placed in the aisle, but is based on the anticipation of the obstruction and failure to use care to prevent it.

Being of opinion that the Court of Civil Appeals correctly disposed of the appeal in its judgment reversing and remanding the cause, we recommend that the judgment of that court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.