## HOUSTON ELECTRIC CO. v. BRAGG.
### (No. 712–4277.)

(Commission of Appeals of Texas, Section A. Dec. 10, 1925. On Second Motion for Rehearing, Feb. 17, 1926.)

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motion for rehearing. Overruled.

For former opinion, see 276 S. W. 641.

BISHOP, J. In our opinion, the motion for rehearing filed herein shows no sufficient reason why defendant in error should not have been allowed to allege and prove that the Houston Electric Company was negligent, under the facts alleged in her petition, in not furnishing some person whose duty it was to see that no obstruction was placed in the aisle of the car at the time it was stopped to permit her to alight therefrom. Nor is any reason shown why the trial court should not have submitted to the jury the issue as to whether the Houston Electric Company was negligent in not seeing that the aisle was clear of obstructions at the time it stopped its car, for the purpose of allowing her to use the aisle as a place to walk in her effort to leave the car.

The motion should be overruled.

On Second Motion for Rehearing by Plaintiff in Error.

We have given careful consideration to the second motion for rehearing presented by plaintiff in error. In our original opinion we state the facts alleged by the defendant in error in her petition, upon which she bases the allegation that plaintiff in error was negligent in operating the street car upon which she was riding as a passenger without some person charged with the duty of keeping the aisle of the car clear and free of suit cases and other like articles for the safety of its passengers. We adhere to our holding that the facts alleged in the petition, which for the purpose of this appeal are admittedly true, present an issue of fact as to whether plaintiff in error was negligent in not furnishing some person whose duty it was to see that the aisle of the car was clear of obstructions at the time the car was stopped for the purpose of permitting defendant in error to make use of the aisle, in her effort to alight therefrom. Under the facts alleged in this petition, we would not be warranted in holding, as a matter of law, that the motorman, in addition to all other duties required of him, could, by the exercise of that high degree of care that a carrier owes to its passengers, perform this duty.

We therefore recommend that the motion be overruled.