Gladys Brown **FULLER**, Appellant,

v.

**SOUTHWESTERN GREYHOUND LINES, INC., et al., Appellees.**

No. 10713.

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1960.

Rehearing Denied Jan. 27, 1960.

Arthur O'Conner, Belton, Cofer & Cofer, Douglass D. Hearne, Austin, for appellant.

Cureton & Lanham, Waco, for appellees.

GRAY, Justice.

This appeal is from a summary judgment.

Appellant, Gladys Brown Fuller, sued Southwestern Greyhound Lines, Inc. and Wilson Temple for damages for personal injuries sustained by her while a passenger and seated on Southwestern's bus. She alleged that while she was seated on the bus and it was stopped at the bus terminal in Temple, Texas, she was struck on the head by a heavy suitcase which was carelessly and violently swung against her by a "porter." She alleged that Wilson Temple operated the bus terminal; that Southwestern and Wilson Temple were engaged in a joint venture, and that the "porter" supra was the employee of each. In the alternative she alleged that Southwestern and Wilson Temple were not engaged in a joint venture but that said "porter" was at the time the servant of each of them; or that said "porter" was the servant and employee of Southwestern, or that he was the servant and employee of Wilson Temple.

Southwestern answered by a general denial and specially denied: that it was engaged in a joint venture with Wilson Temple, and that the "porter" in question was its servant and employee. It then alleged that appellant's injuries were directly and proximately caused by her own negligence, or, in the alternative, that they were the result of an unavoidable accident.

Southwestern filed its motion for a summary judgment and accompanied it with the affidavit of its claim agent. This affidavit recites that the affiant, at the time appellant alleges she sustained injuries, was familiar with the location of the bus terminal operated by Wilson Temple and that:

"At that time the buses operated by Southwestern Greyhound Lines, Inc., together with other carriers and bus companies, used said property as a terminal for boarding passengers and the handling of baggage, express and mail. Mr. Temple sold tickets for Southwestern Greyhound Lines, Inc., permitting it to board and discharge passengers, baggage, express and mail and permitted Southwestern Greyhound Lines, Inc. to maintain a sign on said premises. Southwestern Greyhound Lines, Inc. paid Temple a commission on the sale of tickets and transportation charges. Southwestern Greyhound Lines, Inc. did not pay nor obligate itself to pay any expense with reference to the operation of said terminal, did not have any employees connected with said terminal, said Temple or said operation; that it had no employees or servants located in or around said terminal or connected therewith, or with said operations; that it did not employ any porters or any other employees at said terminal; that any porter or employee who carried baggage, luggage or the suitcase mentioned in plaintiff's petition was not any employee or servant or agent of Southwestern Greyhound Lines, Inc.; that at none of the times mentioned in plaintiff's petition did Southwestern Greyhound Lines, Inc. have any agent, servant or employee working in or around the terminal in question except the driver of its bus; that the unnamed person mentioned in plaintiff's pleadings as being a porter was not the agent, servant or employee of Southwestern Greyhound Lines, Inc.; that Southwestern Greyhound Lines, Inc.

was not engaged in any joint venture with said Temple and the only connection it had with said Temple was as set out above."

Thereafter, on March 3, 1959, appellant filed her first amended original petition. She repeated her allegations supra and:

"In the alternative plaintiff says that the man who struck plaintiff in the head with a large suitcase was not an employee of either defendant and that said man was a stranger to defendants and was neither an employee nor a customer of defendants and was untrained and unskilled in handling baggage. The defendants and each of them, their agents, servants and employees, were negligent in that they permitted said unknown man to board the Greyhound bus, and in that they permitted said unknown man to carry onto said bus a suitcase of such size and weight as to be dangerous to plaintiff and other passengers on the bus. Plaintiff says that the suitcase with which she was hit was so large and so heavy that it could not safely be stored and carried in the passenger area of the bus, and defendants were negligent in that they failed to require that said suitcase be checked and carried in the baggage compartment of the bus. Defendants were negligent in that each of them, their agents, servants and employees, failed to provide a baggage handler, trained in handling and storing baggage in the passenger area on buses, for the purpose of loading onto the bus the suitcase with which plaintiff was hit; and defendants were negligent in that they failed to prohibit an untrained and unskilled stranger from violently swinging about a large heavy suitcase within the passenger area of the bus."

Appellant did not file counter affidavits and only the pleadings and the affidavit supra were before the court. On March 6, 1959 Southwestern's motion was sustained.

On March 26, 1959 appellant's motion to sever her cause as to Wilson Temple was granted and on the same day the trial court rendered judgment that appellant take nothing by her suit against Southwestern.

Wilson Temple is not a party to this appeal and the cause as to him will not be further noticed. Southwestern will later be referred to as appellee.

Giving full credit to the affidavit supra it states as a fact that appellee was not engaged in a joint venture with Wilson Temple. It also states as a fact that the bus terminal was used by appellee "for loading passengers and the handling of baggage, express and mail." It also denies that the "porter" was an employee or servant of appellee. It does not controvert the alternative pleading supra nor the allegation that the suitcase was so large and so heavy that it could not "safely be stored and carried in the passenger area of the bus" nor that it was of such size and weight as to be dangerous to appellant and other passengers on the bus. Further it does not controvert the allegations that the accident happened and the manner of its happening.

■■ By the provisions of Rule 166–A, Texas Rules of Civil Procedure, the trial court was authorized to render judgment for appellee on its motion "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However the burden of showing that no genuine issue of fact existed was on appellee. It was the province of the trial court to decide from what was then before him (the documents named in the rule supra, here the pleadings and the affidavit) only the question of whether any genuine issue of fact as to any material matter was presented and whether as a matter of law appellee was entitled to judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683.

In Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 310, the court said:

"The general rule with respect to joint adventures is stated in 33 C.J. p. 841, as follows: 'A joint adventure has been aptly defined as a "special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." '

"The rule is also defined in 25 Texas Jurisprudence, pp. 159 and 160, in the following language: 'It is constituted by a special combination of persons in the nature of a partnership—more particularly, a limited or special partnership—engaged in the joint prosecution of a particular transaction for mutual benefit or profit.' "

Also see: Gill v. Smith, Tex.Civ.App., 233 S.W.2d 223, 228. Er. ref., n. r. e., Eastep v. Travelers Ins. Co., Tex.Civ.App., 235 S.W.2d 732, 734, er. ref., n. r. e.

■■ Even if the affidavit supra was sufficient to eliminate any issue of fact as to the existence of a joint venture between appellee and Wilson Temple and was also sufficient to eliminate any issue of fact as to the "porter" being a servant or employee of appellee we cannot rest our decision here. This is true for the reason that appellee owed to its passengers the duty of exercising a high degree of care to protect them from injuries by strangers or intruders on its buses or premises provided the danger was or by the exercise of due care could have been known to its employees and prevented by them, and if it failed in its duty in this respect it is liable for resulting injuries. This duty arises when the danger is foreseen in time to prevent it, or is of such nature that under attending circumstances it might reasonably have been anticipated. 13 C.J.S. Carriers § 696, p. 1303; Gulf, C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Houston Electric Co. v. Bragg, Tex.Com. App., 276 S.W. 641; Bennevendo v. Hous-

ton Transit Co., Tex.Civ.App., 238 S.W.2d 271, er. ref., n. r. e.

The affidavit made no reference to the suitcase except only that the person carrying it on board the bus was not an employee or servant of appellee. It places appellee's bus driver at the terminal and in effect denies that he was the "porter" who carried the suitcase on board the bus. There is left uncontroverted the size and weight of the suitcase, the allegation that it could not be safely stored in the passenger area of the bus, the manner in which it was handled and appellant's injuries.

It is reasonable to say that when appellee, by its bus driver, authorized or permitted the suitcase to be carried into the passenger area of the bus it anticipated that it would be stored there. Then if, as alleged, it was too large and too heavy to be safely stored there without danger to appellant and other passengers injuries ought to have been foreseen and anticipated. The statement of the court in Gulf, C. & S. F. Ry. Co. v. Baldwin, Tex.Civ.App., 2 S.W.2d 520, 523, is applicable here. There the court said:

"Appellee, being a passenger on appellant's train, the law enjoined upon appellant the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by a very cautious, prudent, and competent person under similar circumstances. International & G. N. Ry. Co. v. Welch, 86 Tex. 203, 24 S.W. 390, 40 Am.St.Rep. 829; International & G. N. Ry. Co. v. Halloren, 53 Tex. 46, 37 Am.Rep. 744. We are of the opinion that the evidence in this case was sufficient to raise the issue of the failure of appellant to exercise this care as to her safety as such failure was alleged in the petition. Texas & P. R. Co. v. Storey, 29 Tex.Civ.App. 483, 68 S.W. 534; Missouri, K. & T. R. Co. of Texas v. Wolf, 40 Tex.Civ. App. 381, 89 S.W. 778."

The liability here asserted by appellant does not rest on the tort of the "porter" but rather it rests on the negligence of appellee in failing to anticipate injuries and to prevent them by not permitting the suitcase in question to be carried into the passenger area of the bus. 10 Am.Jur., Sec. 1454, p. 268. In order for a negligent act to be the legal proximate cause of an injury it is not essential that the precise injury and the exact manner of its infliction could have been foreseen or anticipated but it is only necessary that some similar injury reasonably could have been foreseen or anticipated. Gulf, C. & S. F. Ry. Co. v. Ballew, supra. In cases such as the one here the question of negligence and proximate cause are usually issues of fact and cannot be determined on a motion for summary judgment.

From the record before us it cannot be held as a matter of law that appellee could not reasonably have foreseen or anticipated injuries under the facts alleged. The pleadings as above noted make allegations that were not controverted by the affidavit and upon a trial the issues so made are to be determined as issues of fact under the evidence that may be adduced.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.

HUGHES, Justice (dissenting).

If the majority holds that under the facts stated in the affidavit of appellee the elements of a joint venture are not disclosed then I am in agreement with this holding. The missing requisites are a joint undertaking in which there is a mutual sharing of losses and profits by the parties. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 59 A.L.R.2d 1011; McDaniel v. State Fair of Texas, 286 S.W. 513, Dallas Court of Civil Appeals, writ refused.

I am not in agreement with the majority holding that a cause of action based on

negligence is pleaded against appellee. In addition to the allegations of appellant, set out in the majority opinion, the following were contained in her trial petition:

"On or about the 18th day of October, 1956, plaintiff was a passenger on a bus owned and operated by Greyhound, and while said bus was stopped at the bus terminal at Temple, Texas and while plaintiff was seated in said bus an employee of the defendants, a porter, boarded said bus carrying a heavy suitcase, and said employee of defendants negligently and carelessly and violently swung said suitcase into and against the side of plaintiff's head, causing painful and serious and permanent injuries to plaintiff as hereinafter set forth.

\*    \*    \*    \*    \*    \*

"Defendants' porter hit plaintiff in the head with a suitcase. Defendants' porter failed to keep the baggage which he was handling under proper control. Defendants' porter took a large suitcase into the passenger area of the bus. Defendants and their agents, servants and employees failed to require the owner of the suitcase with which plaintiff was hit on the head to check said suitcase, and defendants permitted said suitcase to be carried into the passenger area of the bus. Defendants, their agents, servants and employees failed to prohibit the person carrying said suitcase, whether employed by defendants or not, from entering the passenger area of the bus; and defendants, their agents, servants and employees failed to prevent said person from taking the aforesaid suitcase into the passenger area of the bus."

The single case relied upon by appellee to exonerate it from a charge of negligence under the circumstances pleaded here is Airline Motor Coaches v. Caver, 148 Tex. 521, 226 S.W.2d 830, 833. In that case the court laid down some basic rules which I believe to be applicable here. The facts there were that a radio fell from a baggage rack above the passenger's head and injured her. The question presented was whether the bus company was negligent in permitting the radio to be brought aboard the bus.

The question presented here is whether appellee was negligent in permitting a "heavy suitcase," "a large suitcase," "a suitcase of such size and weight" as to be dangerous to passengers, a suitcase "so large and so heavy that it could not safely be stored and carried in the passenger area of the bus" to be brought aboard the bus.

In Airline the Court said:

"No current authority need be cited for the well-known rule that, within reasonable limits, a passenger is entitled to bring luggage with him into a public conveyance, be it railway car, street car or motor bus. It was succinctly stated years ago in Gulf, C. & S. F. Ry. Co. v. Shields, 9 Tex.Civ. App. 652 [28 S.W. 709]; 29 S.W. 652, er. ref., in which a slightly inebriated passenger named Harris brought on board with him a sack filled with iron, groceries and a jug of alcohol, the jug falling out and causing a fire that burned a fellow passenger. The latter alleged 'that defendant negligently allowed the said sack to be brought into the said train and into the car, and placed on a seat.' See 9 Tex. Civ.App. 652, 28 S.W. 709. The court on the final appeal said [9 Tex.Civ. App. 652, 29 S.W. 653]: 'It cannot be successfully denied that Harris had the right as a passenger to carry baggage on the train, and that he had the right to carry it in a sack, if he chose to do so.' The court added: 'We think it is equally clear that, in the absence of some information or circumstance indicating that the sack contained something dangerous to other passengers, it was not the duty of appellant's conductor or any other employee to open

the sack and examine its contents.' At the same time it is of passing interest to note that the rule has been applied not only to the sack of the poor inebriate but also to such things as a metal pipe and bag of tools carried into a city street car by a workman, Wood v. Philadelphia Rapid Transit Co., 260 Pa. 481, 104 A. 69, L.R.A.1918F, 817; a package containing a leather crupper for a horse, Louisville & I. R. Co. v. Rommele, 152 Ky. 719, 154 S.W. 16, Ann.Cas.1915B, 267; a brief case, Williams v. New Jersey-New York Transit Co., 2 Cir. 1940, 113 F.2d 649, as well as the conventional hand bag. Jackson v. Boston Elevated R. Co., 217 Mass. 515, 105 N.E. 379, 51 L.R.A.,N.S., 1152; Ross v. Pennsylvania R. Co., D.C.Mun.App., 55 A.2d 346.

"It is almost superfluous to add that where the passenger brings on board what he has a right to bring, it is not negligence on the part of the carrier to permit him to bring it. * * *

"If the carrier's diligence in protecting passenger A is to be measured by a presumption that passenger B will probably so conduct himself or manage his baggage as negligently to injure A, then for all practical purposes, the carrier would be an insurer. But the presumption would seem to be just the contrary. Wood v. Philadelphia Rapid Transit Co., supra. Similarly, as in the Wood case and in Gulf, C. & S. F. Ry. Co. v. Shields, supra, the character of a piece of baggage as something rather out of the ordinary does not necessarily suggest the probability of danger when allowed to enter a public vehicle."

In Houston Electric Company v. Bragg, Tex.Com.App., 276 S.W. 641; 280 S.W. 188, the court held negligence of the company to be shown by its permitting baggage to be stored in the aisle of a crowded car where a passenger stumbled over it.

In discussing this case the court in Airline said:

"There is no substantial extension of the above principles involved in the Commission of Appeals' decision of Houston Electric Company v. Bragg, 276 S.W. 641, 643, motion for rehearing overruled, 280 S.W. 188, heavily relied on by respondent and the final majority of the court below. In that case, a passenger was allowed to bring on board a small city street car, which was heavily crowded at the time, a definitely large type of suitcase and to take it past the only available storage space at the front into the body of the car where, being too large to be held in the owner's lap (assuming he should find a seat), it necessarily had to be placed in the aisle in the way of passengers coming and going according to the many stops made by such a vehicle. Under these circumstances, there was held to be a fact question as to whether the motorman was not guilty of 'lack of care in permitting the obstruction to be placed there', the court explaining that 'The negligence here alleged does not depend on knowledge of the presence of the obstruction after it is placed in the aisle, but is based on the anticipation of the obstruction and failure to use care to prevent it.' This is, in different words, but another application of the rule of a dangerous situation of which the carrier knew or by the exercise of reasonable diligence would have known. Certainly if the suitcase owner had told the motorman he was going to stow it in the aisle, or if the motorman had told the passenger so to stow it, the situation would be for all practical purposes the same as if the motorman knew it was there. The facts of the case amounted to just about that. When the passenger carried the suitcase past the space beside the motorman, which was the only place in which it could have been stowed except the

aisle, the motorman for all practical purposes knew it was stowed in the aisle, so as to create a dangerous hazard. In theory the case is similar to one in which the carrier's agent sees a passenger bring a clearly dangerous instrumentality into a bus or car yet permits him to do it. Both the dangerous situation and the carrier's knowledge of it thus begin when the article comes into the car. But let us suppose that instead of a large suitcase, the offending article in the Bragg decision had been an oversized ladies purse or a sizeable package purchased at the store, either of which could have been kept in the passenger's arms or lap with less inconvenience than, say, holding a two-year-old child? Certainly the result would have been different, as it would also have been even with the big suitcase, if there were no evidence of a then crowded condition of the car, or if there were some other storage space available within the car—such as baggage racks of sufficient capacity. Assuming that in the case at bar the offending luggage had been an ordinary medium-sized hand bag, instead of a portable radio, a parallel with the Bragg case would exist only if the bus driver had seen the bag stowed in a dangerous manner in the rack or had negligently failed to see it so stowed; and the jury findings that he did neither would clearly have ended the litigation. As already suggested, there is no presumption, when baggage racks are provided, that the passenger will stow his luggage there in a careless manner, so as to endanger the luggage itself or the passengers, including himself. The 'invitation' evidence by baggage racks is no invitation to commit negligence. Even if a passenger brings aboard some article that obviously would not rest safely in a baggage rack, it is yet not ordinarily negligence merely to let him enter the vehicle with it, because the presumption is that he will not risk putting it where it plainly does not belong, unless—as in the Bragg case—special circumstances are such as to make the contrary likely to occur."

When full effect is given to appellant's pleading it simply is that the suitcase was too large and too heavy to be safely stored in the passenger area of the bus. This was a condition which was open and obvious to anyone. At least it must be so considered in order for any omission of duty to be charged against appellee. This is necessarily so because there is no duty on its part to inspect luggage. Airline, supra.

Now if the suitcase was too large and too heavy to be stored in the passenger area of the bus and appellee was charged with knowledge of this fact then the same information was, perforce, intimately possessed by the porter who swung it and struck appellant in an apparent effort to store it in the baggage rack.

Should appellee have anticipated this character of a negligent act by the porter?

Certainly if the suitcase was too large and too heavy to be placed in the storage rack appellee might well have anticipated that it would be stored somewhere else, on a vacant seat, between the seats or in the aisle and if special circumstances existed, as in Bragg, liability might arise.

There are two reasons, however, for holding that there was no duty on the part of appellee to anticipate that the porter would negligently attempt to put this large and heavy suitcase in the overhead baggage rack:

(1) " * * * there is no presumption, when baggage racks are provided, that the passenger will stow his luggage there in a careless manner, so as to endanger the luggage itself or the passengers, including himself. The 'invitation' evidence by baggage racks is no invitation to commit negligence.

(2) "Even if a passenger brings aboard some article that obviously

would not rest safely in a baggage rack, it is yet not ordinarily negligence merely to let him enter the vehicle with it, because the presumption is that he will not risk putting it where it plainly does not belong, unless—as in the Bragg case—special circumstances are such as to make the contrary likely to occur." Airline, supra.

My conclusion is that appellee was not required to anticipate that the porter would negligently strike appellant with this large and heavy suitcase in attempting to put it in the overhead storage rack where it plainly did not belong.

I would affirm.